[Civ. No. 13287. Second Dist., Div. Two.—Oct. 2, 1941.]

GEORGE R. McINTOSH, Appellant, v. CARL C. CRANDALL et al., Respondents.

William H. Brawner and Caryl Warner for Appellant.

Arthur J. Mullen, Raymond Tremaine and Franklin L. Knox, Jr., for Respondent.

SCOTT (R. H.), J. *pro tem.*—Plaintiff recovered judgment against defendants in this suit to foreclose a mechanic's lien. Defendants moved for a new trial, which was denied. Plaintiff filed a "supplemental memorandum of costs" for $15.50, covering items incidental to the hearing on the motion for new trial, including a *per diem* of $12.50 for the court reporter who had reported during the trial, $2 notary's fees and $1 service fees. Defendants moved to strike this cost bill "upon the ground that there is no statutory authorization for costs upon a motion for a new trial and upon the further ground that it was not served and filed within the time allowed by law." The motion to strike was granted. Plaintiff appeals.

It is plaintiff's contention that since the court reporter was required to attend at the hearing of the motion if requested by plaintiff (Code Civ. Proc., sec. 660), and did so attend, it became a cost chargeable against defendants, and that the other items were similarly a proper part of the adequate presentation of plaintiff's views on that occasion. We find no support for this contention. The allowance of costs is strictly statutory. (*Sepulveda* v. *Apablasa,* 25 Cal. App. (2d) 381 [77 Pac. (2d) 526].) "It must ever be borne in mind that costs were not recoverable at common law. He who would claim costs must put his finger on a statute which awards the same. The measure of the statute is the measure of the right. 'In England it seems that statutes relating to costs were considered penal in their nature and were to be strictly construed and, with scarcely an exception, this is the rule generally adopted in this country where the question has been raised and considered by the courts.' (15 Corpus Juris, p. 24, sec. 9.)" (*Sime* v. *Hunter,* 55 Cal. App. 157, 159 [202 Pac. 967].)

"The right to recover costs exists solely by virtue of statute (*Begbie* v. *Begbie*, 128 Cal. 154 [49 L. R. A. 141, 60 Pac. 667]), and warrant for their recovery must be found in some statute. In the absence of statutory authorization, it cannot avail that under the circumstances of a particular case it appears to a court that a charge is, as matter of fact, fair and reasonable." (*Turner* v. *East Side Canal & Irr. Co.*, 177 Cal. 570, 573 [171 Pac. 299].)

There is no statutory provision for costs on a motion for a new trial, and the trial court properly granted the motion to strike the supplemental cost bill on that ground.

The order is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing was denied October 31, 1941, and appellant's petition for a hearing by the Supreme Court was denied November 27, 1941.