204 Cal.App.3d 20 (1988)
251 Cal. Rptr. 633
STEPHEN DAWSON, Plaintiff and Appellant,
v.
WESTERLY INVESTIGATIONS, INC., Defendant and Respondent.
Docket No. 17773.
Court of Appeals of California, Appellate Department, Superior Court, Los Angeles.
June 21, 1988.
*22 COUNSEL
Marjorie J. Weinzweig for Plaintiff and Appellant.
Leonard R. Milstein for Defendant and Respondent.
OPINION
ROBERSON, J. 

STATEMENT OF THE CASE
This case was brought by defendant (respondent herein) to the municipal court as an appeal from an order, decision or award of the California State Labor Commissioner in the amount of $3,562.55. A court trial (as an appeal de novo) was held pursuant to Labor Code section 98.2 on February 10, 11, 12, 13, and 18, 1987, and was conducted in the municipal court. On February 20, 1987, judgment was entered in favor of respondent.
On February 27, 1987, respondent served on plaintiff (appellant herein) its memorandum of costs in the amount of $4,988.35, including $4,618.75 *23 for "attorneys' fees authorized by statute." Appellant filed its motion to strike and/or tax respondent's cost bill on March 13, 1987. Respondent filed its opposition to the motion to strike and/or tax the cost bill on March 27, 1987. The matter was argued to the court on June 3, 1987. On June 8, 1987, the trial court issued its order taxing costs awarding respondent $2,678.60, including $2,309 in attorneys' fees. Appellant filed this appeal from the order taxing costs on June 24, 1987.

CONTENTIONS
Appellant contends that: 1. The language of Labor Code section 98.2, subdivision (b) clearly excludes the payment of costs and attorneys' fees to a successful appellant in an appeal of a labor commissioner's order, decision or award.
2. Labor Code section 98.2, subdivision (b) does not contravene the equal protection and due process clauses of the United States and California Constitutions, and does not constitute a "special statute" prohibited by article IV, section 16 of the California Constitution.
3. Even if respondent's costs were to be assessed against appellant, respondent is entitled to only the statutory witness fee of $35 plus mileage at 20 cents per mile, not $300, as awarded by the trial court, for witness Joseph Leonard.

DISCUSSION
(1a) Labor Code section 98.2, subdivisions (a) and (b) provide: "(a) Within 10 days after service of notice of an order, decision, or award the parties may seek review by filing an appeal to the justice, municipal, or superior court, in accordance with the appropriate rules of jurisdiction, where the same shall be heard de novo. A copy of the appeal request shall be served upon the Labor Commissioner by the appellant.
"(b) If the party seeking review by filing an appeal to the justice, municipal, or superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorneys' fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal." (Italics added.)
(2) The allowance of costs is strictly statutory (McIntosh v. Crandall (1941) 47 Cal. App.2d 126, 127 [117 P.2d 380]).
*24 (1b) Although there are numerous statutory references to costs, in an appeal from an order, decision or award brought pursuant to Labor Code section 98.2, costs and attorneys' fees are only allowed against the party seeking review by filing the appeal where that party is unsuccessful in the appeal. (Lab. Code, § 98.2, subd. (b).)
It is a fundamental principle that the prevailing party is entitled, as a matter of right, to recover costs in an action or proceeding (see Code Civ. Proc., § 1032, subd. (b)); however, section 1032, subdivision (b) allows for exceptions to this principle.[1] Labor Code section 98.2 presents such an exception. Costs (and attorneys' fees) are not awarded to a successful appellant under Labor Code section 98.2, but are only allowed against an unsuccessful appellant.
In the case at bar, appellant did not seek review of the order, decision or award in the lower court, respondent did. Further, respondent was successful in the appeal.
(3) The provisions of Labor Code section 98.2, subdivision (b) are reasonably related to the statutory purpose of Labor Code section 98 et seq., affording a speedy method by which wage earners may determine their right to wages and penalties, while at the same time affording due process to employers and a procedure for appeal. As a corollary to the foregoing, by enacting section 98.2, subdivision (b), the Legislature has also provided a means to discourage meritless and unwarranted appeals by assessing costs and attorneys' fees against unsuccessful appellants.
(4a) We also disagree with respondent's contentions that section 98.2, subdivision (b) contravenes the equal protection and due process clauses of the United States and California Constitutions or that it constitutes a "special statute" prohibited by article IV, section 16 of the California Constitution.
(5a) "[T]he basic and conventional standard for reviewing economic and social welfare legislation in which there is a `discrimination' or differentiation of treatment between classes or individuals" is the so-called "rational relationship" test. (D'Amico v. Board of Medical Examiners (1974) 11 Cal.3d 1, 16 [112 Cal. Rptr. 786, 520 P.2d 10].) "[T]he burden of demonstrating the invalidity of a classification under this standard rests squarely upon the party who assails it." (Id., at p. 17.) (4b) We do not find that respondent has met its burden.
*25 (5b) "Under the rational basis test as applied in Carmichael v. Southern Coal Co. (1937) 301 U.S. 495, 509-510 [81 L.Ed. 1245, 1252-1254, 57 S.Ct. 868, 109 A.L.R. 1327], parties attacking a statutory classification have the burden of showing that the challenged classification does not rest on any rational basis, but is essentially arbitrary." (Halford v. Alexis (1981) 126 Cal. App.3d 1022, 1028 [179 Cal. Rptr. 486].)
(4c) Finally, although the statute in the case at bar distinguishes between successful appellants in actions or proceedings and successful appellants in de novo appeals of labor commission orders, decisions or awards, no distinction therein involves a suspect classification (e.g., race, religion, etc.) (6) "`"[T]he legislature may classify in order that it may adapt its legislation to the needs of the people.... This classification, however, must be founded upon differences which are either defined by the constitution or natural, and which will suggest a reason which might rationally be held to justify the diversity in the legislation. It must not be arbitrary, for the mere purpose of classification, that legislation really local or special may seem to be general, but for the purpose of meeting different conditions naturally requiring different legislation." [Citations.]'" (Sagaser v. McCarthy (1986) 176 Cal. App.3d 288, 305 [221 Cal. Rptr. 746].)
(4d) We do not find the legislation in question to be arbitrary or to have been enacted for the mere purpose of classification.
In light of our holding, appellant's third ground for appeal is moot.
The order awarding attorneys' fees and costs is reversed. Each side to bear its own costs on appeal.
Margolis, P.J., and Newman, J., concurred.
NOTES
[1] Code of Civil Procedure section 1032, subdivision (b) provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Italics added.)