[No. S058779. Apr. 27, 1998.]

ROBERTO M. MURILLO, Plaintiff and Appellant, v.
FLEETWOOD ENTERPRISES, INC., et al., Defendants and Respondents.

**COUNSEL**

Taylor & Hodges, A. Clifton Hodges, Norman F. Taylor, Berta Peterson-Smith, Bret A. Shefter, Rene Korper and Cassandra A. Walbert for Plaintiff and Appellant.

Summers & Shives, Maureen A. Summers, Neil, Dymott, Perkins, Brown & Frank, Michael I. Neil, Tim S. McClain and Thomas H. Knudsen for Defendants and Respondents.

Luce, Forward, Hamilton & Scripps and Charles A. Bird as Amici Curiae on behalf of Defendants and Respondents.

## OPINION

**WERDEGAR, J.**—This case requires us to reconcile two apparently conflicting statutory schemes governing the recovery of costs and expert witness fees at the conclusion of a lawsuit. The general rule permits the prevailing party (plaintiffs *and* defendants) to recover certain costs and, under some circumstances, expert witness fees. (Code Civ. Proc., §§ 1032, subd. (b) [costs], 998, subd. (c) [expert witness fees].)[1] More specifically, however, the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq. (hereafter sometimes the Song-Beverly Act or the Act)) contains a cost-shifting provision that expressly allows prevailing *plaintiffs* to recover their costs, including attorney fees, incurred commencing and prosecuting a lawsuit. The Act makes no mention of prevailing *defendants*.

In this case, plaintiff filed suit under the Song-Beverly Act, but defendants prevailed. Defendants sought to recover their costs and expert witness fees under sections 1032, subdivision (b) and 998, subdivision (c), whereas plaintiff argued the more specific provisions of the Act prohibited prevailing defendants from any such recovery. We conclude defendants are entitled to recover their costs and expert witness fees.

### FACTS

Plaintiff Roberto M. Murillo (hereafter buyer) purchased a Fleetwood Pace Arrow motorhome in 1991 from an authorized retail dealer. The vehicle was subject to an express warranty against certain defects by defendants Fleetwood Enterprises, Inc., Fleetwood Motor Homes of California, Inc., and Oshkosh Truck Corporation (hereafter sellers).[2] Later that year, buyer allegedly perceived various defects in the vehicle and sought repairs. Apparently finding the repairs unsatisfactory, he filed suit in March 1993, alleging sellers breached express and implied warranties as well as other statutory provisions of the Song-Beverly Consumer Warranty Act. Sellers offered to settle the case for $12,000, with buyer to retain possession of the

[1]All statutory references are to the Code of Civil Procedure unless otherwise stated.

[2]Buyer's complaint names Fleetwood Enterprises, Inc., and Oshkosh Truck Corporation as defendants, but not Fleetwood Motor Homes of California, Inc. Oshkosh filed a cross-complaint seeking indemnification and declaratory relief against "Fleetwood Enterprises, Inc., and Roes 1 to 20, inclusive," but its cross-complaint does not mention Fleetwood Motor Homes of California, Inc. Oshkosh answered the complaint, and "Fleetwood Motor Homes of California, Inc." filed a general denial, noting the defendant was "Fleetwood Enterprises, Inc., a California corporation *et al.*" (Italics added.) No amended complaint or substitution of Fleetwood Motor Homes of California, Inc., as a Doe defendant appears in the record. Nevertheless, because the parties, the trial court, and the Court of Appeal treated Fleetwood Enterprises, Inc., and Fleetwood Motor Homes of California, Inc., as one party, we will do so as well for purposes of this appeal.

vehicle. Buyer refused the offer, and the parties proceeded to trial. A jury found for sellers on all counts.

Sellers then filed a memorandum of costs. Buyer moved to strike the memorandum or, in the alternative, to tax costs. The trial court denied buyer's motions, stating: "Plaintiff's motions to strike the memorandum of costs filed by defendants Fleetwood and Oshkosh are denied. Civil Code Section 1794(d) does not bar defendants' respective entitlements to costs under Code of Civil Procedure Sections 998 or 1032. Plaintiff's alternative motions to tax are also denied in their entirety." On appeal, the appellate court affirmed.

## DISCUSSION

### A. *Recovery of Costs*

."The right to recover costs exists solely by virtue of statute." (*Estate of Johnson* (1926) 198 Cal. 469, 471 [245 P. 1089]; *Davis* v. *KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 439 [71 Cal.Rptr.2d 452, 950 P.2d 567]; *Perko's Enterprises, Inc.* v. *RRNS Enterprises* (1992) 4 Cal.App.4th 238, 241 [5 Cal.Rptr.2d 470] [right is "purely statutory"]; 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 85, p. 615 [right is "wholly dependent upon statute"].) The statutory provision on which sellers rely is section 1032, subdivision (b) (hereafter section 1032(b)), which provides that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." That sellers are the prevailing parties as that term is defined in section 1032, subdivision (a)(4) is not in dispute.

Absent some other statute, these standard statutory provisions plainly would entitle sellers, as the prevailing party, to recover their costs. Buyer, however, contends section 1032(b) conflicts with the Song-Beverly Act. (Civ. Code, § 1790 et seq.) The Act, enacted in 1970 (Stats. 1970, ch. 1333, § 1, p. 2478 et seq.), "regulates warranty terms, imposes service and repair obligations on manufacturers, distributors, and retailers who make express warranties, requires disclosure of specified information in express warranties, and broadens a buyer's remedies to include costs, attorney's fees, and civil penalties. (Civ. Code, §§ 1790-1795.8; see Comment (1979) 26 UCLA L.Rev. 583, 625-648.) It supplements, rather than supersedes, the provisions of the California Uniform Commercial Code. (Civ. Code, § 1790.3; see also Civ. Code, § 1794, subd. (b), incorporating specific damages provisions of the Cal. U. Com. Code.) [¶] In 1982, the Legislature added a provision designed to give recourse to the buyer of a new automobile that suffers from the same defect repeatedly, or is out of service for

cumulative repairs for an extended period. (Stats. 1982, ch. 388[, p. 1720]; Civ. Code, § 1793.2, subd. (e)(1).)" (*Krieger* v. *Nick Alexander Imports, Inc.* (1991) 234 Cal.App.3d 205, 213 [285 Cal.Rptr. 717], fn. omitted.)

■ Popularly known as the automobile "lemon law" (see *Nightingale* v. *Hyundai Motor America* (1994) 31 Cal.App.4th 99, 101 [37 Cal.Rptr.2d 149]), the Song-Beverly Act is strongly pro-consumer, expressly providing that waiver of its provisions by a buyer, "except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void." (Civ. Code, § 1790.1.) The Act also makes clear its pro-consumer remedies are in addition to those available to a consumer pursuant to the Commercial Code (Civ. Code, § 1790.3) and the Unfair Practices Act (Civ. Code, § 1790.4). The Act "is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action. [Citation.]" (*Kwan* v. *Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 184 [28 Cal.Rptr.2d 371].)

■ Civil Code section 1794, subdivision (d) (hereafter Civil Code section 1794(d)), part of the Song-Beverly Act, states: "If *the buyer* prevails in an action under this section, *the buyer* shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Italics added.) The Act has no comparable provision for prevailing *sellers*, and it is this asymmetry that gives rise to the legal dispute in this case. Buyer contends that, because the Act specifically provides for the recovery of costs only by a prevailing buyer, a seller is prohibited from recovering costs even if it prevails in a lawsuit under the Act. In contrast, seller contends nothing in the Act expressly disables section 1032 from applying to a prevailing seller.

■ As with other disputes over statutory interpretation, we must attempt to effectuate the probable intent of the Legislature, as expressed through the actual words of the statutes in question. (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632-633 [59 Cal.Rptr.2d 671, 927 P.2d 1175] (hereafter *California Teachers*); *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386 [241 Cal.Rptr. 67, 743 P.2d 1323].) " 'Our first step [in determining the Legislature's intent] is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. [Citations.]' (*People* v. *Valladoli* (1996) 13 Cal.4th 590, 597 [54 Cal.Rptr.2d 695, 918 P.2d 999].)" (*California Teachers, supra*, at p. 633.)

Because section 1032(b) grants a prevailing party the right to recover costs "[e]xcept as otherwise expressly provided by statute" (italics added), we must first determine whether Civil Code section 1794(d) provides an "express" exception. Although Civil Code section 1794(d) gives a prevailing buyer the right to recover "costs and expenses, including attorney's fees," the statute makes no mention of prevailing sellers. In other words, it does not *expressly* disallow recovery of costs by prevailing sellers; any suggestion that prevailing sellers are prohibited from recovering their costs is at most *implied.* Accordingly, based on the plain meaning of the words of the statutes in question, we conclude Civil Code section 1794(d) does not provide an "express" exception to the general rule permitting a seller, as a prevailing party, to recover its costs under section 1032(b).

Buyer relies on several contrary arguments, but we find none persuasive. First, buyer argues the word "expressly," as used in section 1032(b), simply means "any situation in which the Legislature's intent is definite and unmistakable." In support, he merely cites a legal dictionary, which defines the word "expressly" as "[i]n an express manner; in direct or unmistakable terms; explicitly; definitely; directly. . . . The opposite of impliedly." (Black's Law Dict. (5th ed. 1979) p. 522, col. 1.) This definition is actually contrary to buyer's position, for Civil Code section 1794(d)'s silence with regard to prevailing sellers does not "explicitly" or "directly" disable sellers from recovering their costs pursuant to section 1032.

Second, buyer advances the rule of statutory construction that the inclusion of the one is the exclusion of another (i.e., *inclusio unius est exclusio alterius*). In other words, he contends the Legislature's express statement in Civil Code section 1794(d) that prevailing buyers should recover their costs suggests the Legislature must also have intended that prevailing sellers be prohibited from doing so. This rule of statutory construction, although useful at times, is no more than a rule of reasonable inference and cannot control over the plain meaning of the statutory language. We need not rely on inference here, for the Legislature, in plain language, has clearly and explicitly informed us of its position, to wit, that "[e]xcept as otherwise expressly provided by statute," the "prevailing party" (which can include defendant/sellers as well as plaintiff/buyers) can recover his or her costs. (§ 1032(b).) As explained above, Civil Code section 1794(d) does not "expressly" provide otherwise.

Third, buyer contends our interpretation of section 1032(b) as permitting prevailing sellers to recover their costs renders the word "costs" as used in Civil Code section 1794(d) surplusage. This result, buyer claims, violates the rule of statutory construction that courts should, if possible, " 'give meaning

to every word and phrase in the statute to accomplish a result consistent with the legislative purpose . . . .' " (*California Teachers, supra,* 14 Cal.4th at p. 634, quoting *Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1159 [278 Cal.Rptr. 614, 805 P.2d 873].) Observing that even before the enactment of Civil Code section 1794(d), a prevailing buyer was entitled to recover his or her costs pursuant to Code of Civil Procedure section 1032, he argues the Legislature had no reason to provide in Civil Code section 1794(d) that a prevailing buyer could recover "costs" unless it meant also to exclude prevailing sellers from a similar recovery.

We are not persuaded. Had the Legislature intended to prohibit prevailing sellers from recovering their costs in litigation, it would not have chosen such an obscure mechanism to achieve its purpose. The Legislature's use of the word "costs" in the Civil Code section 1794(d) phrase, "costs and expenses, including attorney's fees," simply makes clear the breadth of the financial incentive the Legislature has created to encourage consumers to vindicate their rights under the Act. In any event, even were we to agree some degree of redundancy exists between the two statutes, such redundancy would be insufficient to satisfy the requirement of an express exception to the general rule regarding the recovery of costs by the prevailing party. (See *Davis* v. *KGO-T.V., Inc., supra,* 17 Cal.4th at pp. 443-444.)

Fourth, buyer contends the specific cost-shifting provision of the Song-Beverly Act (Civ. Code, § 1794(d)) must take precedence over the general cost-recovery statute (Code Civ. Proc., § 1032(b)), because "a more specific statute controls over a more general one." (*Lake* v. *Reed* (1997) 16 Cal.4th 448, 464 [65 Cal.Rptr.2d 860, 940 P.2d 311]; *Cumero* v. *Public Employment Relations Bd.* (1989) 49 Cal.3d 575, 587 [262 Cal.Rptr. 46, 778 P.2d 174]; § 1859 ["when a general and particular provision are inconsistent, the latter is paramount to the former"].) We agree the cost-shifting feature of the Act is the more specific statute because it concerns the recovery of costs in a specific type of litigation, i.e., lawsuits brought under the Act.

The two statutes are not inconsistent, however, because they may be reconciled. On the one hand, if a buyer should prevail in an action under the Act, he or she is entitled to costs, expenses, and attorney fees as set forth in Civil Code section 1794(d). On the other hand, if a seller should prevail in an action brought under the Act, it is entitled to costs under section 1032(b). We thus perceive no conflict or inconsistency between Civil Code section 1794 and Code of Civil Procedure section 1032.

Fifth, buyer contends the Legislature's amendment of Civil Code former section 1794 in 1978 indicates it intended to prohibit prevailing sellers from

recovering their costs. As originally enacted, section 1794 made no mention of costs, providing only that "[j]udgment may be entered for three times the amount at which the actual damages are assessed, plus reasonable attorney fees." (Stats. 1970, ch. 1333, § 1, p. 2482.) Recovery of costs in lawsuits under the Song-Beverly Act was governed by section 1032(b). As amended in 1978, section 1794 was changed to read substantially as it does today, authorizing, inter alia, prevailing buyers to recover costs. (Stats. 1978, ch. 991, § 10, p. 3065.) Buyer contends that because, before the amendment of Civil Code former section 1794, a prevailing seller (as well as a prevailing buyer) could recover its costs, the amendment of the statute to provide for recovery of costs, expenses, and attorney fees by buyers—with no mention of sellers—indicates a legislative intent to extinguish the right to recover costs sellers had previously enjoyed.

The argument is not well taken. We may assume that, by amending Civil Code former section 1794, the Legislature intended to change the law. Indeed, the change is apparent: Whereas under the old version of the statute, prevailing buyers were entitled to treble damages plus attorney fees, the new version allows buyers to recover proven damages, costs, expenses, and attorney fees. Nothing in the amendment expressly indicates the Legislature intended the additional change of barring prevailing sellers from recovering their litigation costs. Without some indication the Legislature intended this additional change in the law, we cannot conclude such a change was made.

Turning from the actual words of the pertinent statutes, buyer argues that public policy would be furthered by a holding that Civil Code section 1794(d) is an exclusive, one-way cost-shifting provision that necessarily prohibits prevailing sellers from recovering any costs under the Song-Beverly Act. He argues such an interpretation is consistent with the pro-consumer purpose of the law, and a contrary decision would undermine the Legislature's intent by deterring consumers from enforcing their rights under the Act by making it too expensive to do so. He adds that the Song-Beverly Act was not intended to be "fair" to sellers and manufacturers, but to coerce them to honor their warranties without delay or duplicity, and to make it expensive for them to avoid responsibility.

■ We could not, of course, ignore the actual words of the statute in an attempt to vindicate our perception of the Legislature's purpose in enacting the law. " 'This court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed.' " (*California Teachers, supra,* 14 Cal.4th at p. 633, quoting *Seaboard Acceptance Corp.* v. *Shay* (1931) 214 Cal. 361, 365 [5 P.2d 882].) ■ In addition to following precisely the words of section 1032(b) and Civil Code section 1794(d),

however, our interpretation of these statutes retains the primary financial benefit the Song-Beverly Act offers to consumers who sue thereunder to enforce their rights: their ability, if successful, to recover their "attorney's fees based on actual time expended." Such fees generally comprise the lion's share of the litigation costs, and the prospect of having to pay attorney fees even if one wins a lawsuit can serve as a powerful disincentive to the unfortunate purchaser of a malfunctioning automobile. By permitting prevailing buyers to recover their attorney fees in addition to costs and expenses, our Legislature has provided injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible. We cannot say this aspect of the statutory scheme, which favors buyers exclusively, is insufficient to vindicate the Legislature's purpose in enacting the Song-Beverly Act, or that allowing a seller to recover costs when it prevails would undermine the Legislature's purpose. To the extent buyer contends the playing field should be tilted even more in favor of consumers, that argument is more properly addressed to the Legislature.

Buyer contends allowing sellers to recover costs is contrary to several cases in which other appellate courts have concluded one-way cost-shifting statutes constitute an express exception to the general rule authorizing prevailing parties to recover their costs. As we explain, the cases buyer cites in support are all distinguishable.

*Brown* v. *West Covina Toyota* (1994) 26 Cal.App.4th 555 [32 Cal.Rptr.2d 85] (hereafter *Brown*) poses perhaps the most analogous case, as it involved the precise statute at issue here: Civil Code section 1794(d), the cost-shifting provision of the Song-Beverly Act. In *Brown*, plaintiffs bought a used car from defendants pursuant to a written contract. After plaintiffs found defects in the car and learned it had been in an accident prior to their purchase, they sued defendants for rescission and breach of warranties. Plaintiffs alleged violations of the Song-Beverly Act but the trial court directed a verdict in defendants' favor.

Following the verdict, defendants successfully moved for an award of costs and attorney fees under Civil Code section 2983.4 (part of the Rees-Levering Automobile Sales Finance Act, Civ. Code, §§ 2981-2984.4 (hereafter the Rees-Levering Act)), which provides that "[r]easonable attorney's fees and costs shall be awarded *to the prevailing party* in any action on a contract or purchase order subject to the provisions of this chapter *regardless of whether the action is instituted by the seller, holder or buyer*." (Italics added.) The Court of Appeal reversed. The appellate court first explained that although plaintiffs purchased the car pursuant to a conditional sales

contract that was *subject* to the Rees-Levering Act, they failed to allege a *violation* of any duty imposed by that act. Second, the Court of Appeal reasoned the Song-Beverly Act was "clear and unambiguous in awarding costs and attorney fees only to the *prevailing buyer* . . . ; had the Legislature intended to allow costs and fees for either prevailing party, it would have so stated." (*Brown, supra,* 26 Cal.App.4th at p. 561, original italics.)

The *Brown* court thus confronted a situation where plaintiffs alleged defendants violated the Song-Beverly Act, in a case in which the vehicle was purchased pursuant to a conditional sales contract subject to the Rees-Levering Act. Because only the Rees-Levering Act permitted a prevailing defendant to recover costs and attorney fees, the court was faced with reconciling the two sets of laws. To resolve the conflict, the court reasoned that to permit a prevailing defendant to invoke the fee-shifting provisions of the Rees-Levering Act in that case "would effectively nullify the one-sided fee-shifting under Song-Beverly whenever a plaintiff sues to enforce a breach of warranty claim under Song-Beverly, but happens to have purchased the automobile under a conditional sale contract." (*Brown, supra,* 26 Cal.App.4th at p. 565.) The *Brown* court then invoked the " 'cardinal rule of statutory construction that statutes relating to the same subject matter are to be read together and reconciled whenever possible to avoid nullification of one statute by another.' " (*Id.* at pp. 565-566, quoting *Simonini* v. *Passalacqua* (1986) 180 Cal.App.3d 400, 404 [225 Cal.Rptr. 588].) Accordingly, the court rejected defendants' contention the Rees-Levering Act should apply; rather, applying the Song-Beverly Act, the court concluded defendants were not entitled to costs or attorney fees.

At the outset, we reject sellers' assertion *Brown* is distinguishable because its discussion of the Song-Beverly Act was unnecessary to its decision. In order for the *Brown* court to have found a conflict between the respective cost-recovery provisions of the Song-Beverly Act (Civ. Code, § 1794(d)) and the Rees-Levering Act (Civ. Code, § 2983.4), and to have determined that the Song-Beverly Act should prevail, it first had to construe the Song-Beverly Act to allow only prevailing buyers to recover costs and attorney fees. Otherwise, there would have been no apparent statutory conflict for the court to seek to reconcile. The *Brown* court's construction of Civil Code section 1794(d) is therefore not dictum.

Although the court's discussion of the Song-Beverly Act was thus necessary to its decision, we nevertheless conclude it is not persuasive here. The *Brown* court did not consider whether the specific cost-shifting provision of the Song-Beverly Act (Civ. Code, § 1794(d)) wholly supplants the generally applicable cost-recovery rule set forth in section 1032(b). Although the court

reasoned the Legislature would have provided a mechanism for prevailing defendants in actions under the Song-Beverly Act to recover their litigation costs had that been its intent (*Brown, supra,* 26 Cal.App.4th at p. 561), this reasoning ignores section 1032(b), providing that all prevailing parties—including prevailing defendants—are entitled to their costs "[e]xcept as otherwise *expressly* provided by statute." (Italics added.)

*Brown* is unpersuasive for another reason. The *Brown* court did not consider whether the ability of a prevailing Song-Beverly plaintiff to recover "attorney's fees based on actual time expended" (Civ. Code, § 1794(d))—a right not given to prevailing defendants—sufficiently vindicates the Legislature's intent to protect consumers. As explained above, because attorney fees generally comprise a large percentage of the overall cost of litigation, this one-way attorney-fee-shifting mechanism arguably is sufficient to support the Legislature's pro-consumer purpose. We therefore disapprove *Brown* to the extent it holds Civil Code section 1794(d) constitutes an "express" exception to the general rule permitting a prevailing party, including a prevailing defendant, to recoup its costs of litigation.

Buyer also cites *Dawson* v. *Westerly Investigations, Inc.* (1988) 204 Cal.App.3d Supp. 20 [251 Cal.Rptr. 633] (hereafter *Dawson*) in support. *Dawson* concerned a labor dispute in which an employer appealed to the municipal court an unfavorable decision by the California State Labor Commissioner. The municipal court ruled in the employer's favor, who then moved to recover costs, including attorney fees. The court granted the employer's motion. The employee appealed the award of costs and attorney fees to the appellate department, which ruled in his favor.

At issue in *Dawson* was the interplay between the general cost-recovery statute (Code Civ. Proc., § 1032(b)) and Labor Code section 98.2, subdivision (b), which states: "*If the party seeking review* by filing an appeal to the justice, municipal, or superior court *is unsuccessful* in the appeal, the court shall determine the costs and reasonable attorneys' fees *incurred by the other parties to the appeal,* and assess that amount as a cost upon the party filing the appeal." (Italics added.) The *Dawson* court reversed the municipal court's award of costs and attorney fees to the appellant/employer, concluding Labor Code section 98.2, subdivision (b) constituted an express exception to the general rule favoring prevailing parties. (*Dawson, supra,* 204 Cal.App.3d at p. Supp. 24.)

Buyer contends *Dawson* illustrates a situation in which the Legislature, by enacting a cost-shifting statute, has created an "express" exception to the general cost-recovery rule favoring prevailing parties. Thus, he claims, "even though the statute did not also state 'Costs shall not be awarded to a

successful appellant,' " the exception delineated in Labor Code section 98.2 was sufficiently "express" to terminate the ability of successful appellants to recover their costs.

We agree the cost-shifting scheme at issue in *Dawson* supplants the general rule set forth in section 1032(b). We disagree, however, that this conclusion assists buyer here, for Labor Code section 98.2 is a demonstrably different sort of exception than Civil Code section 1794(d). Unlike the cost-shifting provisions of the Song-Beverly Act, *which is silent regarding the ability of prevailing defendants to recover costs*, Labor Code section 98.2 expressly refers to both sides of the litigation. It merely states that an unsuccessful appellant must pay the costs of a successful respondent. Of course, both employers and employees can appeal an adverse labor ruling. Because Labor Code section 98.2 addresses the ability of both sides to recover their costs, it comprises an express exception to section 1032(b).

*Rogers* v. *Superior Court* (1993) 19 Cal.App.4th 469 [23 Cal.Rptr.2d 412] (hereafter *Rogers*), also cited by buyer, is inapplicable for the same reason. In *Rogers*, a reporter brought suit against the City of Burbank for alleged violations of the California Public Records Act (Gov. Code, § 6250 et seq.). The trial court found for the defendant city and awarded it costs. On appeal, the Court of Appeal reversed the award of costs, finding subdivision (d) of section 6259 of the Government Code established an express exception to the general rule authorizing recovery of costs by a prevailing party. Government Code section 6259, subdivision (d) provides: "The court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section. The costs and fees shall be paid by the public agency of which the public official is a member or employee and shall not become a personal liability of the public official. If the court finds that the plaintiff's case is clearly frivolous, it shall award court costs and reasonable attorney fees to the public agency."

This statutory provision quite clearly addresses the circumstances under which *both* a plaintiff *and* a defendant can obtain an award of costs (and attorney fees) following a Public Records Act lawsuit. For the plaintiff, he or she must "prevail in litigation filed pursuant to this section." (Gov. Code, § 6259, subd. (d).) For a defendant public agency, it must both prevail *and* have the trial court conclude the plaintiff's case was "clearly frivolous." (*Ibid.*) Unlike in the Song-Beverly Act, then, *in which the cost-shifting provision is silent with regard to prevailing defendants*, the California Public Records Act expressly addresses defendant's ability to recover litigation costs. Accordingly, *Rogers* is inapposite.

*Gould* v. *Moss* (1910) 158 Cal. 548 [111 P. 925] (hereafter *Gould*), cited by buyer in support, is only tenuously related to the issue before us. In that

case, the plaintiff successfully sought a writ of mandamus in an original action in this court. He thereafter filed a memorandum of costs, which the defendant moved to strike. We noted that section 1095 (as it then read)[3] permitted a prevailing party to recover costs in a special proceeding, and an original action for mandamus was a special proceeding. The memorandum of costs, however, was filed too late, as the judgment was already final. (158 Cal. at p. 549.) On its face, *Gould* says nothing about how we should interpret the interplay between section 1032(b) and the Song-Beverly Act.

Buyer, however, points to a characterization of *Gould, supra,* 158 Cal. 548, in *Miles California Co.* v. *Hawkins* (1959) 175 Cal.App.2d 162, 164 [345 P.2d 492], in which the Court of Appeal stated that the provision in section 1095 (providing that, in a special proceeding, the court may award costs) took *Gould* outside of the general cost-recovery provisions of section 1032(b). Buyer suggests this characterization demonstrates that a statute may qualify as an "express" exception to section 1032(b) without actually addressing the cost-recovery rights of all the parties involved.

Buyer's reliance on *Gould, supra,* 158 Cal. 548, is misplaced for the simple reason that *Gould* itself makes no mention of section 1032(b). Nor could it, as that statute had not yet been enacted. The characterization of *Gould* in *Miles California Co.* v. *Hawkins, supra,* 175 Cal.App.2d 162, was therefore gratuitous and does not control this case.

Finally, buyer contends "California law features a plethora of statutes which contain awards of costs and/or attorney's fees only to one particular party, often the plaintiff bringing an action for violation of California law." In support, he cites 35 different statutes.[4] Buyer argues a holding allowing a prevailing seller to recover costs would put the Legislature to an onerous task: in order to disable the nonspecified party from recovering costs or attorney fees, the Legislature would have to amend each one of these statutes to "expressly" except that party from section 1032(b)'s general rule permitting the prevailing party to recover his or her costs.

Buyer's contention that allowing sellers to recover costs will undermine dozens of cost- and fee-shifting statutes falls wide of the mark. To begin

[3]In 1910, the year *Gould* was decided, section 1095 stated: "If judgment be given for the applicant, he may recover the damages which he has sustained, as found by the jury, *or as may be determined by the court or referee, upon a reference to be ordered, together with costs*; and for such damages and costs an execution may issue; and a peremptory mandate must also be awarded without delay." (Italics added.)

[4]Amici curiae, the Recreation Vehicle Industry Association, Inc., the Automobile Manufacturers Association, and the Association of International Automobile Manufacturers, Inc., cite 151 statutes that they allege contain one-way cost- or attorney-fee-shifting provisions.

with, many of the statutes cited by buyer and amici curiae involve authorization for the recovery of *attorney fees*. Nothing in our opinion addresses that issue. Sellers are not seeking attorney fees, and there is no "default" attorney fee recovery provision akin to section 1032(b). Indeed, the law is to the contrary. (See § 1021 ["Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ."].)

In addition, many of the statutes cited address the ability of *both parties* to recover their costs should they prevail in litigation. Although the meaning of these statutes is not before us, to the extent they concern the ability of both parties to recover costs or fees (see, e.g., Prob. Code, § 2622.5 [prevailing party entitled to costs and reasonable attorney fees if objections (or opposition to objections) to conservatorship accounting were "without reasonable cause and in bad faith"]), or require that additional conditions be satisfied before one side of the litigation may recover costs (see, e.g., Gov. Code, §§ 9078, 9079 [court shall award costs and attorney fees to prevailing plaintiff in action under Gov. Code, § 9077, but not to prevailing defendant public agency unless "plaintiff's case is clearly frivolous"]; *id.*, § 11130.5 [court shall award costs and attorney fees to prevailing plaintiff in action under Gov. Code, § 11130, but not to prevailing defendant state body unless plaintiff's "action was clearly frivolous and totally lacking in merit"]), these statutes may constitute express exceptions to section 1032(b). (See discussion, *ante*, of *Dawson, supra,* 204 Cal.App.3d Supp. 20, and *Rogers, supra,* 19 Cal.App.4th 469.) We note that when the Legislature intends to restrict the recovery of costs to just one side of a lawsuit, it knows how to express such restriction. (See Pub. Contract Code, § 10421 [the state, or person acting on the state's behalf, may sue and, if successful, collect costs and attorney fees; contracting entity not entitled to recover costs or attorney fees].) We conclude buyer's argument we should interpret Civil Code section 1794(d)—despite its lack of an express exception to section 1032(b)—as an exclusive, one-way cost-shifting provision so as to avoid implicating the validity of dozens of other statutes, is meritless.

Having found buyer's cited authority distinguishable and no express exception in Civil Code section 1794(d) to the general rule set forth in section 1032(b) permitting a prevailing defendant to recover its costs, we conclude the Court of Appeal below ruled correctly that sellers were entitled to their costs.

B. *Recovery of Expert Witness Fees*

In addition to costs, the trial court also granted sellers their expert witness fees under section 998, because buyer recovered less than sellers offered in

a qualifying section 998 settlement offer. That section, at the time buyer filed his suit, provided in pertinent part: "(a) The costs allowed under Section[] . . . 1032 shall be . . . augmented as provided in this section. [¶] . . . [¶] (c) If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer. In addition, in any action or proceeding other than an eminent domain action, the court, in its discretion, may require the plaintiff to pay the defendant's costs from the date of filing of the complaint *and a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the defendant.*" (§ 998, as amended by Stats. 1987, ch. 1080, § 8, p. 3655, italics added.) Thus, if the predicate facts exist, section 998, subdivision (a) expands the number and type of recoverable costs and fees over and above those permitted by section 1032(b).

It is undisputed that sellers offered buyer a settlement of $12,000 within the time limits set forth in section 998, that the offer was rejected, and that buyer recovered less than the offer (i.e., nothing) following the jury's verdict.

██  Having concluded Civil Code section 1794(d) fails to set forth an express exception to the general cost-recovery rule set forth in section 1032(b), we likewise conclude it provides no exception to the provisions of section 998. Section 998 explicitly states that it "augment[s]" section 1032(b). Thus, the requirements for recovery of costs and fees under section 998 must be read in conjunction with section 1032(b), including the requirement that section 998 costs and fees are available to the prevailing party "[e]xcept as otherwise *expressly* provided by statute." (§ 1032(b), italics added.)[5] Because the cost-shifting provisions of the Song-Beverly Act do not "expressly" disable a prevailing defendant from recovering section 998 costs and fees in general, or expert witness fees in particular, we find nothing in the Act prohibiting the trial court's exercise of discretion to award expert witness fees to seller under the circumstances of this case.

*In re Marriage of Green* (1989) 213 Cal.App.3d 14 [261 Cal.Rptr. 294] (hereafter *Green*), is not to the contrary. That case involved a marital

---

[5]This case does not present a situation in which a litigant is not the prevailing party, and yet may claim entitlement to section 998 costs and fees because the prevailing party rejected a qualifying settlement offer and recovered less than the offer following the verdict. (See, e.g., *Adam* v. *DeCharon* (1995) 31 Cal.App.4th 708, 712-713 [37 Cal.Rptr.2d 195].) Accordingly, we express no opinion on that subject.

dissolution matter in which wife prevailed. On appeal, husband argued that the trial court failed to consider his offer to settle before directing that he pay wife's expert witness fees. The Court of Appeal rejected husband's claim that section 998 applied, explaining the Legislature "has *specifically provided* how costs, including attorney fees, are to be awarded in proceedings under the Family Law Act in [former Civil Code] sections 4370 and 4370.5. Under these sections the trial court in a marital dissolution proceeding has much broader authority to award costs than is provided by Code of Civil Procedure section 998." (*Green, supra*, at p. 24, italics added.) In other words, former Civil Code sections 4370 and 4370.5 constituted express exceptions to the general cost-recovery provisions of section 1032(b) and, by extension, the expert witness fee recovery provision of section 998. In short, *Green* is consistent with our interpretation of sections 1032(b) and 998, and does not support buyer's position here.

Moreover, permitting a seller who prevails in a suit brought under the Song-Beverly Act to recover expert witness fees pursuant to section 998 gives content to the Legislature's expressed intent to encourage settlement (*Poster* v. *Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266, 270 [276 Cal.Rptr. 321, 801 P.2d 1072]), by forcing the parties "to assess realistically their positions prior to trial" (*Stell* v. *Jay Hales Development Co.* (1992) 11 Cal.App.4th 1214, 1231 [15 Cal.Rptr.2d 220], disapproved on another point, *Citizens for Covenant Compliance* v. *Anderson* (1995) 12 Cal.4th 345, 359, 366 [47 Cal.Rptr.2d 898, 906 P.2d 1314]). Although the Legislature's purpose in enacting the Song-Beverly Act was admittedly to encourage consumers to enforce their rights under the Act, nothing in Civil Code section 1794(d) suggests this legislative purpose should override the Legislature's desire—expressed in section 998—to encourage the settlement of lawsuits. We conclude the Court of Appeal below correctly ruled sellers were entitled to recover their expert witness fees, "actually incurred and reasonably necessary in preparation for trial of the case . . . ." (§ 998, subd. (c)(1).)

### CONCLUSION

The judgment of the Court of Appeal is affirmed. The requests for judicial notice, filed by both amici curiae and plaintiff Roberto Murillo, are denied as moot.

George, C. J., Kennard, J., Baxter, J., Chin, J., and Brown, J., concurred.

**MOSK, J.**—I dissent.

The majority hold that if a consumer brings an unsuccessful action under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.),

popularly known as the automobile "lemon law," the seller is entitled to recover its costs and, in some circumstances, expert witness fees. I disagree. The holding—which will leave consumers who lose their claims liable to sellers in an amount that can easily equal *or even exceed* the value of the alleged "lemon"—is inconsistent with the statutory language. It will also, undoubtedly, have a chilling effect on the exercise of consumer rights, thereby defeating what the majority acknowledge to be the "strongly pro-consumer" protections of the act. (Maj. opn., *ante*, at p. 990.)

Here, buyer, who brought an action alleging that the vehicle he purchased was defective and rejected a settlement offer by sellers, lost his case under the Song-Beverly Consumer Warranty Act. Although the jury decided against him, there was no claim by sellers that the action was frivolous. Nonetheless, he suffered the equivalent of a substantial penalty for bringing the claim: He was required to pay sellers $6,642.99 in costs and expenses.

The Song-Beverly Consumer Warranty Act, in relevant part, provides: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code, § 1794, subd. (d).) It conspicuously does not provide for any award of costs and expenses if the seller prevails.

The majority hold that sellers here were nonetheless entitled to costs and expert fees under the general cost-shifting provisions of Code of Civil Procedure sections 1032 and 998. Code of Civil Procedure section 1032, subdivision (b), provides that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Code of Civil Procedure section 998, subdivision (c)(1), provides that if a settlement offer is made by a defendant and not accepted, and the plaintiff fails to obtain a more favorable judgment, costs allowed under section 1032 shall be augmented to include defendant's costs from the time of the offer and, in addition, the trial court may require the plaintiff to pay the costs of the services of the defendant's expert witnesses. The majority determine that these general cost-shifting provisions apply because the Song-Beverly Consumer Warranty Act does not "expressly" state that a prevailing seller is *not* entitled to recover costs, or to have such costs augmented if the buyer rejects a settlement offer and fails to obtain a more favorable judgment or loses the action.

I disagree. The specific costs provisions of the Song-Beverly Consumer Warranty Act, which mandate the prevailing buyer's recovery of "a sum

equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended," were intended by the Legislature to *displace* the general cost-shifting provisions of the Code of Civil Procedure. In effect, they "occupy the field." It was therefore not necessary for the Legislature also to state the negative, i.e., that a prevailing seller may not recover costs and expenses. Had it intended to apply a one-way rule only to attorney fees, as the majority propose, the Legislature could readily have so specified.

The legislative history of the Song-Beverly Consumer Warranty Act supports the conclusion that it was intended to "occupy the field" by providing for recovery of costs and expenses only by the prevailing consumer. Thus, an analysis prepared by the Assembly Committee on Labor, Employment and Consumer Affairs explains the purpose of the costs provision: "Indigent consumers are often discouraged from seeking legal redress due to court costs. The addition of awards of 'costs and expenses' by the court to the consumer to cover such out-of-pocket expenses as filing fees, expert witness fees, marshall's fees, etc., should open the litigation process to everyone." (Assem. Com. on Labor, Employment and Consumer Affairs, Analysis of Assem. Bill No. 3374 (1977-1978 Reg. Sess.) May 24, 1978, p. 2.) Similarly, an analysis prepared by the Department of Consumer Affairs states: "The bill would amend . . . [the Act] to provide that a prevailing consumer may be awarded costs (court costs, i.e. filing and process fees) and expenses (i.e. expert witness fees). The absence of such a provision can deter consumers from pursuing a violation of the Act through the courts, *a disadvantage not equally felt by the retailer or manufacturer.*" (Dept. Consumer Affairs, Enrolled Bill Rep. on Assem. Bill No. 3374 (1977-1978 Reg. Sess.) Aug. 30, 1978, p. 3, italics added.)

The conclusion that the Song-Beverly Consumer Warranty Act displaces the general cost-shifting provisions of the Code of Civil Procedure is also consistent with the well-reasoned decisions in *Dawson* v. *Westerly Investigations, Inc.* (1988) 204 Cal.App.3d Supp. 20 [251 Cal.Rptr. 633] and *Rogers* v. *Superior Court* (1993) 19 Cal.App.4th 469 [23 Cal.Rptr.2d 412]. Thus, in *Dawson,* the employer successfully appealed an unfavorable decision by the California State Labor Commissioner and sought costs and attorney fees pursuant to Code of Civil Procedure section 1032. The Court of Appeal concluded that an award under the general cost-shifting provisions of the Code of Civil Procedure was barred by Labor Code section 98.2, subdivision (b), which provides, in pertinent part, that "[i]f the party seeking review by filing an appeal . . . is unsuccessful in the appeal, the court shall determine the costs and reasonable attorneys' fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing

the appeal." Although the Labor Code provision says nothing about denying costs in the case of a successful appellant—i.e., *is silent regarding the ability of a prevailing defendant to recover costs* pursuant to the general cost-shifting provisions of the Code of Civil Procedure (see maj. opn., *ante*, at p. 997)—*Dawson* concluded that it constituted an "express" exception to the general cost-shifting provisions of Code of Civil Procedure section 1032. (*Dawson* v. *Westerly Investigations, Inc., supra,* 204 Cal.App.3d at p. Supp. 24.)

Similarly, in *Rogers*, the Court of Appeal ruled that an award under the general cost-shifting provisions of the Code of Civil Procedure was barred by Government Code section 6259, subdivision (d), which provides, in pertinent part, that "[t]he court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section. . . . If the court finds that the plaintiff's case is clearly frivolous, it shall award court costs and reasonable attorney fees to the public agency." Although the Government Code provision says nothing about denying costs in the case of a prevailing defendant when the plaintiff's case was *not* clearly frivolous—i.e., *is silent regarding the ability of a prevailing defendant to recover costs* pursuant to the general cost-shifting provisions of the Code of Civil Procedure (see maj. opn., *ante*, at p. 997)—the Court of Appeal concluded that "the specific provisions of the Act must prevail over the more general provision of the Code of Civil Procedure." (*Rogers* v. *Superior Court, supra,* 19 Cal.App.4th at p. 484; see also *In re Marriage of Green* (1989) 213 Cal.App.3d 14, 24 [261 Cal.Rptr. 294] [Code of Civil Procedure section 998 does not apply to family law cases, because the Legislature has specifically provided how costs and fees are to be awarded in such proceedings.].)

The Song-Beverly Consumer Warranty Act, like the statutes at issue in *Dawson* and *Rogers*, clearly "supplants the general rule set forth in [Code of Civil Procedure] section 1032[, subdivision] (b)" and section 998. (See maj. opn., *ante*, at p. 997.) The operative question is not, as the majority propose, whether the more specific statute merely refers in some way to both parties, or whether the availability of attorney fees under the more specific statute can be asserted to "sufficiently vindicate[]" the legislative purpose (see maj. opn., *ante*, at p. 996). Rather, the dispositive point is that the costs provisions of the Song-Beverly Consumer Warranty Act are no more "reconcilable" than were the statutes at issue in *Dawson* and *Rogers* with the general cost-shifting provisions of the Code of Civil Procedure.

Nor is the majority's holding reconcilable with the "strongly pro-consumer" legislative purpose of the Song-Beverly Consumer Warranty Act.

The financial burden of losing a claim under the act is now substantial—as the nearly $7,000 bill of costs in addition to the buyer's own costs in this case well demonstrates. The risk of such a loss will doubtless constitute a major deterrent for precisely the low-income and middle-income buyers the act was designed to protect. The majority offer the meager consolation that the attorney fee provision "which favors buyers exclusively" is sufficient "to vindicate the Legislature's purpose in enacting the Song-Beverly [Consumer Warranty] Act." (Maj. opn., *ante*, at p. 994.) But if the general rule of Code of Civil Procedure section 1032 applies, what would prevent a prevailing seller from also enforcing a contractual attorney fee provision? It is not difficult to forecast the content, in small print, of future automobile dealers' sales contracts.

For the foregoing reasons, I would reverse the judgment of the Court of Appeal.

Appellant's petition for rehearing was denied July 8, 1998. Mosk, J., was of the opinion that the petition should be granted.