186 Cal.App.4th 1361 (2010)
113 Cal. Rptr. 3d 37
ANTHONY KIRBY et al., Plaintiffs and Appellants,
v.
IMMOOS FIRE PROTECTION, INC., Defendant and Respondent.
No. C062306.
Court of Appeals of California, Third District.
July 27, 2010.
*1363 Law Offices of Ellyn Moscowitz, Ellyn Moscowitz and Enrique Gallardo for Plaintiffs and Appellants.
*1364 Rediger, McHugh & Hubbert, Rediger, McHugh & Owensby, Robert L. Rediger, Laura C. McHugh and Jimmie E. Johnson for Defendant and Respondent.

OPINION
SIMS, J.
This appeal challenges an award of attorney's fees to an employer who successfully defended against allegations of labor law violations brought by two former employees. Appellants Anthony Kirby and Rick Leech, Jr. (collectively Kirby), sued respondent Immoos Fire Protection, Inc. (Immoos), as well as 750 Doe defendants for violating various labor laws as well as the unfair competition law (Bus. & Prof. Code, § 17200 et seq.). Kirby dismissed the case after the trial court denied class certification. The court subsequently awarded $49,846.05 in attorney's fees to Immoos for its defense of the first, sixth and seventh causes of action.
For reasons that follow, we shall reverse the award of attorney's fees and remand to the trial court with directions to award Immoos reasonable fees for its defense of the sixth cause of action only.

PROCEDURAL HISTORY

Kirby's First Amended Complaint
We begin by setting forth the allegations in the operative complaint. In August 2007, Kirby filed an amended complaint that alleged six causes of action against Immoos, and a seventh that named 750 Doe defendants but omitted Immoos as a party.
The first cause of action alleged that Immoos engaged in 12 enumerated instances of unlawful and unfair business practices in violation of the unfair competition law as set forth in Business and Professions Code section 17200 et seq.[1]
*1365 The second cause of action alleged that Immoos failed to pay Kirby all wages at each pay period and at Kirby's discharge, as required by Labor Code[2] sections 201,[3] 203,[4] and 204.[5]
The third cause of action alleged that Immoos failed to pay overtime compensation, as required by sections 204.3,[6] 510,[7] and Industrial Welfare Commission wage order No. 16-2001 (Order No. 16-2001).[8]
The fourth cause of action alleged that Immoos secretly paid Kirby wages less than those required by statute, regulation, and contract, a violation of section 223.[9]
*1366 The fifth cause of action alleged that Immoos failed to provide accurate itemized wage statements to Kirby, as required by section 226.[10]
The sixth cause of action alleged that Immoos failed to provide Kirby with rest periods as required by Order No. 16-2001.[11]
The seventh cause of action alleged that 750 Doe defendants violated section 2810[12] by entering into contracts with Immoos while knowing that the contracts did not provide sufficient funds to allow Immoos to comply with all applicable labor and wage laws. Kirby later amended this cause of action to identify defendants Shea Homes, Inc., Hilbert Homes, Inc., Meritage Homes of California, Inc., and D.R. Horton, Inc.
Kirby subsequently settled with Shea Homes, Inc., Hilbert Homes, Inc., Meritage Homes of California, Inc., and D.R. Horton, Inc., in agreements not made part of the court record.
In November 2008, Kirby moved for certification of class action. The motion was denied in January 2009.
*1367 In February 2009, Kirby dismissed with prejudice his complaint as to all causes of action and all parties.

Award of Attorney's Fees to Immoos
In April 2009, Immoos moved to recover attorney's fees from Kirby pursuant to section 218.5.[13] Kirby opposed the motion arguing, in part, that the unilateral fee-shifting provision in favor of plaintiffs provided by section 1194[14] barred an award of fees to Immoos.
In June 2009, the trial court awarded Immoos attorney's fees "for [its] defense of the [first, sixth] and [seventh] causes of action." In granting attorney's fees for a portion of Immoos's defense against the unfair competition claim, the court explained that "the [first] cause of action also incorporated allegations of failure to provide rest periods (sixth cause of action) and for the parallel allegations from the seventh cause of action, pursuant to [section] 2810."
The trial court explained its award of fees to Immoos for the sixth cause of action as follows: "The [sixth] cause of action is not subject to section 1194,[[15]] but only to . . . section 2699.[16] No showing has been made that Plaintiffs complied with the private attorney general requirements. Further, it is apparent from the express language of . . . section 218.5,[17] that only *1368 section 1194 can defeat a prevailing party employer's entitlement to attorneys' fees under that statute, under the rule of statutory construction, expressio unius est exclusio alteriusthe expression of one thing is the exclusion of another. As only [section] 1194 is named as an exception to 218.5, no other Labor Code sections may be implied to defeat a prevailing party employer's entitlement to attorneys' fees under that section."
The trial court granted Immoos fees for the seventh cause of action, explaining: "Defendant Immoos was united in interest with the Doe defendant[s] in the [seventh] cause of action. However, Immoos defended that cause of action alone, until the Does were added by amendment after the filing of the First Amended Complaint. Further, although [Kirby] asserts they fully recovered damages by way of settlement with the Doe defendants, they only settled with four of the 750 defendants, and continued to prosecute the [seventh] cause of action. Thus, Immoos is entitled to the attorneys' fees spent in defending this cause of action."
In addition to the fees allowed for defense against the complaint, the trial court awarded Immoos fees for bringing the motion for attorney's fees. Altogether, attorney's fees were awarded to Immoos in the amount of $49,846.05.
Kirby filed a notice of appeal on June 25, 2009. A formal order was subsequently entered on July 9, 2009.[18]

ISSUES ON APPEAL
Kirby contends the trial court erred in awarding attorney's fees to Immoos because (1) section 1194 prevents a prevailing defendant from recovering fees in any case involving a claim for unpaid minimum or overtime wages, (2) Kirby's claim for unpaid statutorily-mandated wages in the sixth cause of action was subject to section 1194's unilateral fee-shifting provision in favor of plaintiffs, (3) Immoos cannot recover attorney's fees for the seventh cause of action, to which it was not a party, (4) a prevailing defendant may not recover attorney's fees for defense against alleged violations of the unfair competition law, (5) even if attorney's fees are recoverable by a defendant who prevails against allegations of unpaid wages, Immoos's defense of the sixth cause of action was duplicative of work on other causes of action subject to unilateral fee-shifting provisions. Immoos requests that we award it attorney's fees on appeal.
*1369 We shall conclude that the trial court did not err in awarding fees to Immoos for the sixth cause of action. However, the court erred in awarding attorney's fees for defense against claimed violations of section 2810 as set forth in the first and seventh causes of action. Accordingly, we remand the case for determination of reasonable attorney's fees for Immoos's defense against the sixth cause of action. In doing so, we decline to award fees on appeal to Immoos.

DISCUSSION

I

Labor Code sections 218.5 and 1194
Kirby contends the trial court erred in awarding any attorney's fees to Immoos because some of the causes of action were subject to the unilateral fee-shifting provision in favor of plaintiffs provided by section 1194.[19] Kirby points out that section 218.5[20] includes an express exception to its bilateral fee-shifting provision, which states: "This section does not apply to any action for which attorney's fees are recoverable under Section 1194." (Italics added.) Arguing that an "action" refers to an entire case, Kirby concludes that the inclusion of causes of action subject to section 1194 bars Immoos's recovery of any attorney's fees in this case. We disagree.

A
We review questions of law without deference to the trial court's ruling. (Burden v. Snowden (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].) "The determination of the applicable Labor Code section governing [a] claimant's rights and obligations regarding an award of attorney's fees involves settled principles of statutory construction. . . . These are questions of law subject to our independent review." (Earley v. Superior Court (2000) 79 Cal.App.4th 1420, 1426 [95 Cal.Rptr.2d 57] (Earley).)
(1) Resolution of this issue requires us to ascertain the meaning of the second paragraph in section 218.5, where it creates an exception to bilateral attorney's fee awards for "actions" governed by section 1194. In approaching questions of statutory interpretation, we follow the California Supreme Court's admonition that "[t]he rules governing statutory construction are well settled. We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. (Kimmel v. *1370 Goland (1990) 51 Cal.3d 202, 208 [271 Cal.Rptr. 191, 793 P.2d 524]; California Teachers Assn. v. San Diego Community College Dist. [(1981)] 28 Cal.3d [692,] 698 [170 Cal.Rptr. 817, 621 P.2d 856].) `In determining intent, we look first to the language of the statute, giving effect to its "plain meaning."' (Kimmel, supra, 51 Cal.3d at pp. 208-209, citing Tiernan v. Trustees of Cal. State University & Colleges (1982) 33 Cal.3d 211, 218-219 [188 Cal.Rptr. 115, 655 P.2d 317]; California Teachers Assn., supra, 28 Cal.3d at p. 698.) Although we may properly rely on extrinsic aids, we should first turn to the words of the statute to determine the intent of the Legislature. (California Teachers Assn., supra, 28 Cal.3d at p. 698.) Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. (Ibid.)" (Burden v. Snowden, supra, 2 Cal.4th at p. 562.)
(2) When considering the interplay between potentially overlapping statutory provisions, we remain mindful that "it is a matter of the proper interpretation of both sections so as to harmonize their provisions." (Earley, supra, 79 Cal.App.4th at p. 1427.) It is a "`"`cardinal rule of statutory construction that statutes relating to the same subject matter are to be read together and reconciled whenever possible to avoid nullification of one statute by another.'"'" (Davis v. Ford Motor Credit Co. (2009) 179 Cal.App.4th 581, 601 [101 Cal.Rptr.3d 697], quoting Murillo v. Fleetwood Enterprises, Inc. (1998) 17 Cal.4th 985, 995 [73 Cal.Rptr.2d 682, 953 P.2d 858], quoting Brown v. West Covina Toyota (1994) 26 Cal.App.4th 555, 565 [32 Cal.Rptr.2d 85].) Thus, we strive for a reasonable statutory construction that avoids creating conflicts among Labor Code sections.

B
(3) Generally, a party may recover attorney's fees only when a statute or agreement of the parties provides for fee shifting. (Santisas v. Goodin (1998) 17 Cal.4th 599, 606 [71 Cal.Rptr.2d 830, 951 P.2d 399].) Section 218.5 provides for fee shifting in favor of the party that prevails on a claim for unpaid wages and specified benefits. As we have already noted, section 218.5 provides: "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. . . . [¶] This section does not apply to any action for which attorney's fees are recoverable under Section 1194."
The second paragraph of section 218.5 was added by the Legislature in 2000 to codify the holding of Earley, supra, 79 Cal.App.4th 1420. As the Legislature declared, "The amendments to Section 218.5 of the Labor Code *1371 made by Section 4 of this act do not constitute a change in, but are declaratory of, the existing law, and these amendments are intended to reflect the holding of the Court of Appeal in Earley v. Superior Court (2000) 79 Cal.App.4th 1420 [95 Cal.Rptr.2d 57]." (Stats. 2000, ch. 876, § 11.)
Earley involved a class action by employees of Washington Mutual Bank to recover unpaid overtime wages from their employer. (Earley, supra, 79 Cal.App.4th at p. 1423.) As part of the class certification process, the trial court required the named plaintiffs to mail to absent class members a notice allowing them to opt out of the class action. (Ibid.) The named plaintiffs sought appellate writ relief, contending that the trial court erred in requiring the notice to advise absent class members that they might be liable for attorney's fees if the employer were to prevail. (Id. at pp. 1423-1424.) The plaintiffs argued that section 218.5's bilateral fee-shifting provision did not apply because the class action was governed by section 1194's provision for attorney's fees to prevailing plaintiffs. (Earley, supra, at p. 1425.)
The Earley court surveyed the legislative history of section 218.5 in order to conclude that "the Legislature did not regard the general provisions of section 218.5 as applicable to overtime claims. If we were to hold otherwise, we would, by such conclusion, create the very type of statutory conflict which we are enjoined to avoid. (Stop Youth Addiction, Inc. v. Lucky Stores, Inc. (1998) 17 Cal.4th 553, 569 [71 Cal.Rptr.2d 731, 950 P.2d 1086] [there is a strong presumption against the implied repeal of one statute by another with apparently conflicting language and the `"`"courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together"'"'].)" (Earley, supra, 79 Cal.App.4th at pp. 1428-1429.)
The goal of harmonization of the potentially conflicting Labor Code sections led the Earley court to conclude that "[t]he only reasonable interpretation which would avoid nullification of section 1194 would be one which bars employers from relying on section 218.5 to recover fees in any action for minimum wages or overtime compensation. Section 218.5 would still be available for an action brought to recover nonpayment of contractually agreed-upon or bargained-for `wages, fringe benefits, or health and welfare or pension fund contributions.' [¶] Such a harmonization of these two sections is fully justified. An employee's right to wages and overtime compensation clearly have different sources. Straight-time wages (above the minimum wage) are a matter of private contract between the employer and employee. Entitlement to overtime compensation, on the other hand, is mandated by statute and is based on an important public policy." (Earley, supra, 79 Cal.App.4th at p. 1430, fn. omitted.) The Earley court granted the writ because section 1194 disallows successful defendants from recovering attorney's fees from plaintiffs who seek to recover unpaid overtime wages. (Earley, supra, at pp. 1426-1429.)
*1372 Kirby relies on Earley to argue that a claim for unpaid minimum wages invokes the unilateral fee-shifting provision of section 1194 in order to defeat a defendant's right to recover attorney's fees for any other cause of action even if unrelated and subject to a bilateral fee-shifting statute. In so arguing, Kirby points out the ambiguity arising out of the Legislature's use of the term "action" in the exception to section 218.5's fee-shifting provision. (See § 218.5 [providing exception for "any action for which attorney's fees are recoverable under Section 1194" (italics added)].)
As Kirby notes, "action" can mean a single cause of action, or it can refer to the entirety of a case. (See, e.g., Palmer v. Agee (1978) 87 Cal.App.3d 377, 387 [150 Cal.Rptr. 841] [noting that "an `action' is sometimes used to denote the suit in which the action is enforced . . ." (italics added)]; Nassif v. Municipal Court (1989) 214 Cal.App.3d 1294, 1298 [263 Cal.Rptr. 195] ["The courts have generally used the word `action' to refer to the proceeding or suit and not to the cause of action." (italics added)].)
In support of the argument, Kirby relies on two bill analyses prepared while the amendment to section 218.5 was pending in 2000. Both committee reports implicitly equate actions for unpaid minimum and overtime wages with the cases themselves. In relevant part, the report prepared by the Assembly Committee on Labor and Employment explained the purpose of the 2000 amendment as follows: "Clarifies that . . . section 1194, which provides for an award of attorneys fees for an employee in cases involving failure to pay minimum wage and overtime wages, is separate from, and not controlled by . . . Section 218.5, which provides for prevailing party attorneys fees in other wage cases." (Assem. Com. on Labor and Employment, Analysis of Assem. Bill No. 2509 (1999-2000 Reg. Sess.) Apr. 12, 2000, p. 2, italics added.)
Similarly, the Senate Judiciary Committee report described the aim of the 2000 legislation, in relevant part, as: "Clarify that . . . Section 1194, which provides for an award of attorney's fees for an employee in cases involving failure to pay minimum wage and overtime wages, is separate from, and not controlled by . . . Section 218.5, which provides for prevailing party attorney's fees in other wage cases." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2509 (1999-2000 Reg. Sess.) as amended Aug. 7, 2000, p. 2, italics added & omitted.)
Although Kirby advances a plausible reading of the legislative history, we reject it in favor of construing the section 1194 exception as applying only to causes of action for unpaid minimum and overtime wages. (Accord, Earley, supra, 79 Cal.App.4th at p. 1430.) To adopt Kirby's statutory construction would allow the exception of section 1194's unilateral fee shifting to eviscerate the rule of section 218.5.
*1373 (4) We harmonize sections 218.5 and 1194 by holding that section 218.5 applies to causes of action alleging nonpayment of wages, fringe benefits, or contributions to health, welfare and pension funds. If, in the same case, a plaintiff adds a cause of action for nonpayment of minimum wages or overtime, a defendant cannot recover attorney's fees for work in defending against the minimum wage or overtime claims. Nonetheless, the addition of a claim for unpaid minimum wages or overtime does not preclude recovery by a prevailing defendant for a cause of action unrelated to the minimum wage or overtime claim so long as a statute or contract provides for fee shifting in favor of the defendant.
As the Legislative Counsel's Digest of Assembly Bill No. 2509 (1999-2000 Reg. Sess.) indicates, the Legislature intended section 1194 to remain the exception to the bilateral fee-shifting rule set forth in section 218.5: "Under existing law, the prevailing party, with certain exceptions, is entitled to an award of attorney's fees in an action brought for nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions. [¶] This bill would add an express exception for employee actions to recover underpayment of the minimum wage or specified overtime wages, in which a prevailing employee but not the employer is expressly authorized to recover attorney's fees." (Legis. Counsel's Dig., Assem. Bill No. 2509 (1999-2000 Reg. Sess.). italics added.)
(5) Kirby's approach conflicts with the legislative intent underlying the second paragraph of section 218.5 in that it would allow plaintiffs to insulate nonwage claims against employers from otherwise applicable bilateral fee-shifting provisions by simply adding a cause of action for unpaid minimum or overtime wages. Such a statutory construction would be absurd and contrary to the clear intent to create a specific exception to section 218.5. (Legis. Counsel's Dig., Assem. Bill No. 2509 (1999-2000 Reg. Sess.).) Thus, we conclude that the inclusion of a claim subject to section 1194 does not preclude attorney's fees to be awarded to a prevailing defendant for unrelated claims subject to the bilateral fee-shifting provision of section 218.5.
The trial court did not err in ruling that section 1194 did not impose a complete bar on Immoos's recovery of attorney's fees in this case.

II

Sixth Cause of ActionFailure to Provide Rest Periods
Kirby next contends that the trial court erred in awarding attorney's fees for defense against the sixth cause of action, which alleged Immoos violated *1374 Order No. 16-2001[21] by failing to provide a second rest period during an eight-hour workday. Characterizing the cause of action as one for unpaid minimum wages, Kirby contends the unilateral fee-shifting provision of section 1194[22] bars the award of fees to Immoos. We are not persuaded.
Kirby's sixth cause of action alleged that Kirby was "owed an additional one hour of wages per day per missed rest period."[23] As a claim seeking additional wages, the sixth cause of action was subject to section 218.5's provision of attorney's fees for "any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions.. . ."[24] (Italics added.)
Kirby does not dispute that the sixth cause of action sought payment of wages. Instead, Kirby asserts that any unpaid wage is necessarily less than statutorily mandated wages and therefore subject to section 1194. Not so.
Kirby's claim was not based on a failure to pay the statutory minimum wage for hours he actually worked. Instead, the cause of action was one for failure to provide rest periods. If his claim had succeeded, Kirby would have been entitled to an additional wage "at the employee's regular rate of compensation." (See fn. 23, ante.) The "employee's regular rate of compensation" refers to the contractual rate of compensation, not the legal minimum wage. Consequently, the claim is not one premised on failure to pay the minimum wage.
Kirby's cited case of Murphy v. Kenneth Cole Productions, Inc. (2007) 40 Cal.4th 1094 [56 Cal.Rptr.3d 880, 155 P.3d 284] (Murphy) does not compel a different conclusion. In Murphy, the California Supreme Court considered whether the additional hour of compensation provided by section 226.7[25] for a missed rest break constituted a penalty or wage for purposes of determining whether the plaintiffs' claims were timely filed. (40 Cal.4th at p. 1099.) If the *1375 remedy were a penalty, a one-year statute of limitations applied and the plaintiffs' claims would have been untimely. (Id. at pp. 1099, 1101.) However, if the additional hour of pay constituted a wage, the plaintiffs could proceed with their action. (Ibid.)
The Murphy court concluded that the extra hour of pay provided for a missed rest was more akin to a wage than a penalty. (Murphy, supra, 40 Cal.4th at p. 1099.) Although Murphy did not involve the question of entitlement to attorney's fees, the decision offers us guidance where it notes that the remedy is one for "a wage or premium pay." (Ibid., italics added.) In describing the remedy of the remedial hour of compensation as premium pay, the Murphy court indicated that the wage is a sum over and above the regular pay. (Ibid.) As an addition to regular pay, the remedy is not one for failure to pay the minimum wage. Accordingly, Murphy does not assist Kirby's attempt to establish that section 1194 applies to the sixth cause of action.
(6) The trial court did not err in awarding attorney's fees to Immoos for its defense against the sixth cause of action.

III

Seventh Cause of ActionLabor Code Section 2810
Kirby argues that the trial court erred in awarding attorney's fees to Immoos for its defense against the seventh cause of action, which alleged a violation of section 2810[26] for entry into contracts by parties who knew that the contracts failed to provide sufficient funds for payment of all required wages. Kirby argues that this cause of action is subject to a unilateral fee-shifting provision in favor of plaintiffs.
The original complaint alleged, as its seventh cause of action, that 750 Doe defendants unlawfully entered into contracts with Immoos while knowing that the contracts did not provide sufficient funds to allow Immoos to comply with all applicable labor and wage laws. Kirby's first amended complaint realleged the same claim against the Doe defendants in its seventh cause of action. Kirby subsequently amended the seventh cause of action to identify Shea Homes, Inc., Hilbert Homes, Inc., Meritage Homes of California, Inc., and D.R. Horton, Inc., as defendants. Immoos was never named as a defendant in this cause of action.
After Kirby dismissed the complaint in its entirety, Immoos sought attorney's fees including those incurred for defense of the seventh cause of action. *1376 Kirby countered that Immoos was not named as one of the 750 defendants for this cause of action, and that the cause of action was based on a statute with a unilateral fee-shifting provision in favor of plaintiffs. The trial court granted attorney's fees to Immoos including fees for the seventh cause of action.
(7) We do not have to decide if Immoos could recover fees even though it was not named as a party, because section 2810[27] is a unilateral fee-shifting statute that disallows an award of fees to defendants. By providing that "[a]n employee . . . may recover costs and reasonable attorney's fees" upon prevailing, section 2810 does not authorize fee shifting in favor of employers. (§ 2810, subd. (g)(1).) "`[S]tatutes expressly permitting fees for only a particular prevailing party have been interpreted as denying fees for the other party, even if it prevailed.'" (Earley, supra, 79 Cal.App.4th at p. 1429, quoting Brown v. West Covina Toyota, supra, 26 Cal.App.4th 555, 561.) Section 2810 does not authorize Immoos to recover fees.
The trial court erred in awarding attorney's fees to Immoos for its defense against the seventh cause of action.

IV

First Cause of ActionUnfair Practices Act (Bus. & Prof. Code, § 17000 et seq.)
Kirby asserts that "[i]t is settled law that the [Unfair Practices Act] does not provide attorney fees for a defendant." Thus, Kirby contends the trial court erred in awarding attorney's fees to Immoos for defending against the unfair competition law cause of action. Immoos counters that the trial court properly awarded fees for defending against alleged specific instances of unlawful conduct subject to fee shifting in favor of prevailing defendants. Immoos further argues that the trial court properly excluded fees for claims subject to fee shifting in favor of plaintiffs only.
For reasons that follow, we conclude that the trial court erred in awarding fees for the first cause of action.

A
Kirby's first cause of action alleged that Immoos violated the Unfair Practices Act when it "engaged in unlawful and unfair business practices including, but not limited to, violations of" sections 203 (wages at discharge), 204 (payment of wages), 204.3 (overtime pay), 223 (secret payment of lower *1377 wages), 226 (itemization of wage statements), 510 and 512 (eight-hour workday), 1174 and 1174.5 (failure to maintain accurate records), 2802 (tools, safety equipment, and use of employee vehicle), 2810 (contracting with entity known to have insufficient funds to pay employees), Order No. 16-2001, and workers' compensation rules.
Kirby alleged that these 12 enumerated practices "serve as unlawful predicate acts result[ing] in economic harm and injury in fact to [Kirby] for purposes of Business and Professions Code § 17200 . . . ." After Kirby dismissed the case, the trial court granted fees for part of Immoos's defense against the unfair competition claim insofar as this cause of action "also incorporated allegations of failure to provide rest periods ([also set forth in the sixth] cause of action) and for the parallel allegations from the [seventh] cause of action, pursuant to [section] 2810."

B
(8) It is settled that the Unfair Practices Act (Bus. & Prof. Code, § 17000 et seq.) does not provide for an award of attorney's fees to any party. (Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. (1999) 20 Cal.4th 163, 179 [83 Cal.Rptr.2d 548, 973 P.2d 527]; Walker v. Countrywide Home Loans, Inc. (2002) 98 Cal.App.4th 1158, 1179 [121 Cal.Rptr.2d 79].) We do not have to decide whether attorney's fees can be recovered by dissecting an Unfair Practices Act lawsuit into its constituent statutory violations, because Immoos has shown no entitlement to fees on that theory.

C
As we explained in part III, ante, Immoos was not entitled to recover for its defense against alleged violations of section 2810,[28] which prohibits entry into contracts lacking funds sufficient to comply with all wage and labor laws. Even though Immoos was a party to the first cause of action, its status as an employer disallowed it from receiving fees under section 2810. As with the seventh cause of action, the trial court erred in awarding fees for the claim (in the first cause of action) that was subject to section 2810.
(9) The trial court also awarded fees for the first cause of action insofar as it alleged Immoos wrongfully denied Kirby the 10-minute rest breaks required by Order No. 16-2001.[29] Immoos received attorney's fees for defending this claim as separately alleged in the sixth cause of action. A party *1378 may not recover attorney's fees redundantly for the same work. (See Graciano v. Robinson Ford Sales, Inc. (2006) 144 Cal.App.4th 140, 161 [50 Cal.Rptr.3d 273]; Thayer v. Wells Fargo Bank (2001) 92 Cal.App.4th 819, 840 [112 Cal.Rptr.2d 284].) Consequently, Immoos's recovery of fees for the sixth cause of action precluded the rest-period claim from serving as a basis for the fees awarded for the first cause of action.
Immoos attempts to find an additional basis to justify the award of fees for the first cause of action. Immoos relies on its defense against a claimed violation of section 2802,[30] i.e., for failing to indemnify employees for necessary work-related expenditures. This argument is without merit.
(10) As Kirby correctly points out, section 2802 allows for unilateral fee shifting only in favor of employees. (Cf. Earley, supra, 79 Cal.App.4th at p. 1429 [statutory language authorizing attorney's fees for prevailing employees disallows employers from recovering fees under the same provision].) As an employer, Immoos was not entitled to fees under section 2802. Immoos provides no other basis for affirming the fees awarded for its defense against the first cause of action.
The trial court erred in awarding attorney's fees to Immoos for the first cause of action.

V

Overlapping Work
Kirby contends the trial court erred by awarding redundant attorney's fees for overlapping work on the first, sixth, and seventh causes of action. Our determination that Immoos may recover only for its defense against the allegation of wrongly denied rest periods (as specifically alleged in the sixth cause of action) requires us to remand for redetermination of reasonable attorney's fees. This disposition obviates our need to address Kirby's contention that the trial court awarded duplicative fees for overlapping causes of action.

*1379 VI

Immoos's Request for Attorney's Fees on Appeal
(11) Immoos requests that we award it attorney's fees for this appeal. "`[I]t is established that fees, if recoverable at allpursuant either to statute or parties' agreementare available for services at trial and on appeal.'" (Morcos v. Board of Retirement (1990) 51 Cal.3d 924, 927 [275 Cal.Rptr. 187, 800 P.2d 543], quoting Serrano v. Unruh (1982) 32 Cal.3d 621, 637 [186 Cal.Rptr. 754, 652 P.2d 985].) Were Immoos the prevailing party on appeal, it would be entitled to attorney's feesat least for its work with respect to the sixth cause of action. However, there is no prevailing party in this appeal, in which we affirm entitlement to fees awarded for the rest-period claim but reverse as to fees for defense against the section 2810 claims. The parties shall bear their own attorney's fees on appeal relative to one another.

DISPOSITION
The order granting attorney's fees to Immoos is reversed. The matter is remanded to the trial court to conduct a hearing to determine the reasonable amount of attorney's fees to be awarded to Immoos for its defense of the sixth cause of action only. Each party shall bear its own costs and attorney's fees on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)
Scotland, P. J., and Nicholson, J., concurred.
NOTES
[1] Section 17200 of the Business and Professions Code declares that the unfair competition law's purview includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."
[2] Undesignated statutory references are to the Labor Code.
[3] Section 201, subdivision (a), provides in pertinent part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."
[4] Section 203, subdivision (a), provides in pertinent part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced. . . ."
[5] Section 204, subdivision (a), provides in pertinent part: "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."
[6] Section 204.3, subdivision (a), provides in pertinent part: "An employee may receive, in lieu of overtime compensation, compensating time off at a rate of not less than one and one-half hours for each hour of employment for which overtime compensation is required by law."
[7] Section 510, subdivision (a), provides in pertinent part: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."
[8] Order No. 16-2001 provides in pertinent part: "11. REST PERIODS [¶] (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. . . . The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked, or major fraction thereof. [¶] . . . [¶] (D) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Boldface omitted.)
[9] Section 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."
[10] Section 226, subdivision (a), provides in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."
[11] See footnote 8, ante.
[12] Section 2810 provides in pertinent part: "(a) A person or entity may not enter into a contract or agreement for labor or services with a construction, farm labor, garment, janitorial, or security guard contractor, where the person or entity knows or should know that the contract or agreement does not include funds sufficient to allow the contractor to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided. [¶] . . . [¶] (g)(1) An employee aggrieved by a violation of subdivision (a) may file an action for damages to recover the greater of all of his or her actual damages or two hundred fifty dollars ($250) per employee per violation for an initial violation and one thousand dollars ($1,000) per employee for each subsequent violation, and, upon prevailing in an action brought pursuant to this section, may recover costs and reasonable attorney's fees. [¶] (2) An employee aggrieved by a violation of subdivision (a) may also bring an action for injunctive relief and, upon prevailing, may recover costs and reasonable attorney's fees." (Italics added.)
[13] Section 218.5 provides in pertinent part: "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. . . . [¶] This section does not apply to any action for which attorney's fees are recoverable under Section 1194." (Italics added.)
[14] Section 1194 provides in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." (Id., subd. (a), italics added.)
[15] See footnote 14, ante.
[16] Section 2699 provides in pertinent part: "(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions . . . . [¶] . . . [¶] (g)(1) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. . . . [¶] (2) No action shall be brought under this part for any violation of a posting, notice, agency reporting, or filing requirement of this code, except where the filing or reporting requirement involves mandatory payroll or workplace injury reporting." (Italics added.)
[17] See footnote 13, ante.
[18] Although the parties do not address the point, a premature notice of appeal is deemed operative upon subsequent entry of a formal judgment or appealable order. (Cal. Rules of Court, rule 8.104(e); Webb v. Webb (1970) 12 Cal.App.3d 259, 262, fn. 1 [90 Cal.Rptr. 565].) Consistent with rule 8.104(e), Kirby's notice of appeal is deemed to be filed immediately after entry of the formal order awarding attorney's fees to Immoos.
[19] See footnote 14, ante.
[20] See footnote 13, ante.
[21] See footnote 8, ante.
[22] See footnote 14, ante.
[23] See footnote 8, ante, setting forth Order No. 16-2001, which provides in section 11(D): "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."
[24] See footnote 13, ante.
[25] Subdivision (b) of section 226.7 provides: "If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Kirby contends that the provisions of section 226.7 and Order No. 16-2001 are "interchangeable." For purposes of discussion, we shall assume without deciding that Kirby correctly asserts that the Murphy analysis of section 226.7 applies to Order No. 16-2001.
[26] See footnote 12, ante.
[27] See footnote 12, ante.
[28] See footnote 12, ante.
[29] See footnote 8, ante.
[30] Section 2802 provides in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. [¶] . . . [¶] (c) For purposes of this section, the term `necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." (Italics added.)