Filed 5/14/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
FIRST APPELLATE DISTRICT
DIVISION TWO

| | |
|---|---|
| KELLY ROSE, <br><br>  Plaintiff, <br><br>v. <br><br>HOBBY LOBBY STORES, INC., <br><br>  Defendant and Respondent; <br><br>DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS ENFORCEMENT, <br><br>  Intervener and Appellant. | A169640 <br><br> (Alameda County <br> Super. Ct. No. RG17862127) |

Plaintiff Kelly Rose, who had been employed by Hobby Lobby Stores, Inc. (Hobby Lobby) as a cashier, sued her former employer under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq. (PAGA)) alleging Hobby Lobby had violated the "suitable seating" provisions of the applicable Industrial Welfare Commission Wage Order. After a nine-day bench trial, the court found for Hobby Lobby, and judgment was entered in its favor. In a separate appeal, we affirmed the judgment. (*Rose v. Hobby Lobby Stores, Inc.* (March 25, 2025, A168301) [nonpub. opn.].)

The present appeal arises from the trial court's award of nearly $125,000 in litigation costs as a matter of right to Hobby Lobby as the prevailing party under the general cost recovery rule set out in Code of Civil Procedure section 1032, subdivision (b) (section 1032(b)). The trial court ordered the California Labor and Workforce Development Agency (LWDA) to

1

pay the costs even though the LWDA, while undisputedly the real party in interest, had not participated in the litigation. The LWDA appeals, raising an issue of first impression: Is the LWDA liable for the litigation costs incurred by a prevailing defendant in an action filed under PAGA?

We conclude that even if a prevailing defendant in a PAGA action is entitled to recover its costs under the general cost recovery rule set forth in section 1032(b)—an issue we need not decide—those costs are not recoverable against the LWDA where it did not participate in the litigation. Accordingly, we reverse the trial court costs order.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Background on PAGA*

Our Legislature enacted PAGA " 'to augment the limited enforcement capability of the [LWDA] by empowering employees to enforce the Labor Code as representatives of the Agency.' " (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 81, 86.) PAGA provides that civil penalties for violations of the Labor Code, which would previously have been recoverable only by the Labor Commissioner, " 'may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to' specified procedures." (*Turrieta v. Lyft, Inc.* (2024) 16 Cal.5th 664, 681 (*Turrieta*).) At the time Rose filed her complaint against Hobby Lobby, 75 percent of any civil penalties recovered in PAGA actions were distributed to the LWDA, with the remaining 25 percent distributed to the aggrieved employees. (Lab. Code., § 2699, former subd. (i).)[1] An employee who prevails

---

[1] PAGA was extensively amended by the Legislature in 2024. (See Stats. 2024, ch. 44, § 1 [enacting Assembly Bill No. 2288, effective Jul. 1, 2024]; *id.*, ch. 45, § 1 [enacting Senate Bill No. 92, effective Jul. 1, 2024].) The 2024 amendments to PAGA changed the distribution of civil penalties

2

in a PAGA action is "entitled to an award of reasonable attorney's fees and costs." (Lab. Code, § 2699, subd. (k)(1), former subd. (g)(1).)[2]

A PAGA action is "a type of *qui tam* action." (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 382 (*Iskanian*).) " 'Traditionally, the requirements for enforcement by a citizen in a qui tam action have been (1) that the statute exacts a penalty; (2) that part of the penalty be paid to the informer; and (3) that, in some way, the informer be authorized to bring suit to recover the penalty.' [Citation.] The PAGA conforms to these traditional criteria, except that a portion of the penalty goes not only to the citizen bringing the suit but to all employees affected by the Labor Code violation. The government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit." (*Ibid.*) A " 'real party in interest' " is " ' " 'any person or entity whose interest will be directly affected by the proceeding' " ' including anyone with ' " 'a direct interest in the result.' " ' " (*Zolly v. City of Oakland* (2022) 13 Cal.5th 780, 789.)

In other words, a " 'PAGA action . . . is a representative action on behalf of the state.' " (*Iskanian*, *supra*, 59 Cal.4th at p. 387.) "An aggrieved employee who files a representative PAGA action is asserting a 'claim[ ]

---

recovered in a civil action; at present, as specified in Labor Code, section 2699, subdivision (m), 65 percent is allocated to the LWDA and the remaining 35 percent allocated to the aggrieved employees.

[2] At the time of the trial court proceedings, the PAGA fee and cost provision was codified as subdivision (g)(1) of section 2699 of the Labor Code. (Stats. 2016, ch. 31, § 189.) After the 2024 amendments to PAGA, the provision entitling a prevailing employee "to an award of reasonable attorney's fees and costs" now appears in subdivision (k)(1); the amendments also made changes to the language of the fee and cost provision that have no bearing on this case.

belonging to a government agency' [citation] and 'represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by' " the LWDA. (*Turrieta, supra*, 16 Cal.5th at p. 682.)

Before filing a PAGA action in court, a prospective plaintiff must give written notice to the LWDA and the employer of the alleged Labor Code violations including the facts and theories that support the alleged violation. (Lab. Code, § 2699.3, subd. (a)(1)(A).) If the LWDA notifies the employee and employer that it does not intend to investigate the alleged violation, or if it fails to respond to the notice within 65 days, the employee "may commence a civil action pursuant to [Labor Code] Section 2699"—that is, may file suit. (*Id.*, subd. (a)(2)(A).) If, however, the LWDA decides to investigate the violation, it must notify the employee and employer within 65 days; the LWDA then has 120 days to investigate the violation and issue a citation. (*Id.*, subd. (a)(2)(B).) If the LWDA then decides not to issue a citation, or does not issue one within certain time limits, the employee may file suit. (*Ibid.*)

A plaintiff who files a civil action under PAGA must provide the LWDA with a file-stamped copy of the complaint. (Lab. Code, § 2699, subd. (s)(1), former subd. (*l*)(1).) In addition, any proposed settlement must be submitted to the LWDA at the same time it is submitted to the court for review and approval, and the LWDA must be provided with a copy of any judgment or any other order that provides for or denies an award of civil penalties. (*Id.*, subds. (s)(2) & (3), former subds. (*l*)(2) & (3).)

B.    *Proceedings in the Trial Court*

In March 2017, Kelly Rose, a former employee of Hobby Lobby, notified the LWDA and Hobby Lobby that she intended to seek civil penalties under PAGA on behalf of herself, the State of California, and other hourly-paid

4

individuals who were employed by Hobby Lobby in California as cashiers or who were assigned cashier duties. Rose's claims were based on allegations that Hobby Lobby violated the so-called "suitable seating" provisions of Industrial Welfare Commission Wage Order No. 7-2001 by not providing seats for cashiers. (Cal. Code Regs., tit. 8, § 11070, subds. 1, 14.)

After the statutory deadline for the LWDA to respond to the notice had passed, Rose filed a civil action against Hobby Lobby alleging two causes of action based on the facts and theories alleged in her PAGA notice. The litigation proceeded for several years, and eventually a bench trial was held that resulted in a judgment for Hobby Lobby on both causes of action.

After judgment was entered, Hobby Lobby filed a memorandum of costs totaling $474,707.80. Rose moved to tax costs, arguing that PAGA authorizes awards of costs only to prevailing employees and not to prevailing employers. She also argued that in any event certain costs should be taxed as unrecoverable, unreasonable, or unnecessary. In opposition Hobby Lobby argued that the costs claimed were allowable, reasonable and necessary, and that it was entitled to recover those costs against Rose and the LWDA jointly and severally.

The trial court issued an order inviting the LWDA, which had not participated in the litigation, to file an amicus brief addressing its liability for an award of costs to a prevailing defendant in a PAGA action. At the trial court's direction, Hobby Lobby served the order on the LWDA, at which point the LWDA first learned of Hobby Lobby's attempt to recover its costs. The LWDA then filed a motion to intervene, which the trial court granted.[3] As

---

[3] The motion to intervene was filed by the Department of Industrial Relations, Division of Labor Standards Enforcement (DLSE), on behalf of the LWDA. The DLSE is a division within the Department of Industrial Relations, which is in turn a department within the LWDA. Appellant,

intervener, the LWDA filed a memorandum in support of Rose's motion to tax costs, arguing that a prevailing defendant could not recover its litigation costs under PAGA and that even if the costs were recoverable they could not be imposed on the LWDA because it was neither a party to the litigation nor an "actively involved real party in interest."

The trial court concluded that the LWDA is responsible for costs incurred by defendants who prevail on PAGA claims, but struck certain cost items that Rose had challenged, resulting in an award of costs against the LWDA in the amount of $124,585.24. The LWDA timely appealed from the costs order. The trial court did not award Hobby Lobby any costs against Rose, and Rose is not a party to this appeal.

## DISCUSSION

A.    *Applicable Law and Standard of Review*

The right to recover litigation costs " 'exists solely by virtue of statute.' " (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 989 (*Murillo*).) In seeking costs from the LWDA, Hobby Lobby relied on section 1032(b), the general cost-recovery statute, which provides that a prevailing party is entitled to recover its costs "[e]xcept as otherwise expressly provided by statute," and Code of Civil Procedure section 1028, which provides that when the State is a party to an action costs are "awarded against it on the same basis as against any other party."

Whether costs are recoverable under section 1032(b) "amounts to statutory construction and a question of law," and therefore our review is de novo. (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142.)

---

referring to itself as the "LWDA," explains that administration of PAGA has been delegated to DLSE, which "steps into the shoes of LWDA for purposes of PAGA administration."

When our review requires us to interpret a statute, " ' "[w]e first examine the statutory language, giving it a plain and commonsense meaning." [Citation.] We do not consider statutory language in isolation; instead, we examine the entire statute to construe the words in context. [Citation.] If the language is unambiguous, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." [Citation.] "If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." ' " (*Madrigal v. Hyundai Motor America* (2025) 17 Cal.5th 592, 602.)

B.      *Entitlement to Costs for Prevailing PAGA Defendants*

PAGA provides that "[a]ny employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs" (Lab. Code, § 2699, subd. (k)(1)), but says nothing about prevailing employers. Hobby Lobby argues that in view of the guidance provided by our Supreme Court in *Murillo* for interpreting so-called "one-way" fee and cost shifting statutes like the one in PAGA, we should conclude that PAGA does not contain an express exception to section 1032(b) and therefore as a prevailing defendant Hobby Lobby is entitled to recover its costs. In *Murillo*, the Supreme Court construed a fee and cost shifting provision in the Song-Beverly Act (Civ. Code, § 1790 et seq), California's automobile "lemon law," which expressly permits a prevailing plaintiff-buyer to recover costs and attorney fees but is silent with respect to a prevailing defendant-seller. (See *Murillo*, *supra*, 17 Cal.4th at p. 990 [discussing Civ. Code, § 1794, subd. (d)].) *Murillo* held that silence does not create an express exception to section 1032(b); therefore, a prevailing defendant-seller in a case brought under the Song-Beverly Act is entitled to recover its costs under section 1032(b). (*Id.* at p. 991.)

7

The LWDA argues that legislative history shows that Labor Code section 2699, subdivision (k)(1) was intended to displace the general cost recovery rule of section 1032(b), and that *Murillo*, which concerns a consumer protection statute rather than a provision of the Labor Code, is inapposite.

This issue does not appear to have been addressed in any published opinions. We need not resolve it here because, as we shall explain, even if a prevailing defendant in a PAGA action is entitled to recover its litigation costs under section 1032(b), those costs cannot be recovered from the LDWA in a case where the LWDA did not participate in the litigation.

C.      *The LWDA's Liability for Costs*

Section 1032(b) provides that a prevailing defendant is entitled to recover its costs from the party or parties over which it prevailed. (See § 1032, subd. (a)(4) [defining a prevailing party to include "a defendant as against those plaintiffs who do not recover any relief against that defendant"].) This is consistent with the longstanding tradition that " '[c]osts are allowances which are authorized to reimburse the successful party to an action or proceeding, and are in the nature of incidental damages to indemnify a party against the expense of successfully asserting his rights.' " (*DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1147.) As our Supreme Court explains, " ' "The theory upon which [costs] are allowed to a plaintiff is that the default of the defendant made it necessary to sue him, and to a defendant, that the plaintiff sued him without cause. Thus the party to blame pays costs to the party without fault." ' " (*Ibid.*)

The LWDA did not sue Hobby Lobby. The LWDA was not a party to Rose's lawsuit, nor did it take any action in the lawsuit until it moved to intervene, which it did only after it got word that Hobby Lobby sought to

8

impose its costs on the LWDA.[4]  Accordingly, Hobby Lobby cannot recover its costs from the LWDA.

Our Supreme Court instructs that a PAGA action is a type of qui tam action, and therefore the LWDA is the real party in interest in the action. (*Iskanian*, *supra*, 59 Cal.4th at p. 382.)  But the entity on whose behalf a qui tam plaintiff sues is not itself a party to the action "unless and until the entity intervenes in the action." (*Armenta ex rel. City of Burbank v. Mueller Co.* (2006) 142 Cal.App.4th 636, 641.)  That did not happen here until the LWDA learned, after judgment had been entered against Rose, that Hobby Lobby sought an award of costs against it—and then only after the trial court ordered Hobby Lobby to serve the LWDA with a copy of its order inviting the LWDA to file an amicus brief in response.

Hobby Lobby argues unpersuasively that the LWDA was nevertheless a party to Rose's action from its commencement because Rose filed her PAGA suit as the LWDA's agent, and that under Civil Code section 2330 the LWDA, as principal, is responsible for the acts and liabilities of its agent.[5]  Hobby Lobby contends that this purported agency relationship between Rose and the LWDA warrants imposing on the LWDA the litigation costs that Rose accrued while acting within the scope of the agency.  Hobby Lobby claims that "[u]nder PAGA, the [LWDA] is always a party because, by statute, the

---

[4] Hobby Lobby does not contend that the LWDA is liable for its litigation costs by virtue of its status as an intervener, and we express no opinion as to whether the LWDA might be liable for costs in a case where it intervened before judgment was entered.

[5] Civil Code section 2330 provides that "[a]n agent represents his principal for all purposes within the scope of his actual or ostensible authority, and all the rights and liabilities which would accrue to the agent from transactions within such limit, if they had been entered into on his own account, accrue to the principal."

9

action is brought by a private attorney general plaintiff" who is an "agent" of the LWDA. That said, however, Hobby Lobby points to nothing in PAGA to support its claim that the LWDA is a party to a PAGA action, and we find nothing.

Although courts have described a PAGA plaintiff in other contexts as the state's " 'representative' . . . 'agent' or 'proxy,' " (*Turrieta, supra*, 16 Cal.5th at p. 686), the relationship between the LWDA and the PAGA plaintiff is defined by PAGA itself, not by the general law of agency. And under PAGA, a plaintiff's relationship with the LWDA is unlike an agency relationship as defined by the Civil Code. (See Civ. Code, § 2295 ["An agent is one who represents another, called the principal, in dealings with third persons. Such representation is called agency"].) In an agency relationship, " ' "an agent is a fiduciary with respect to matters within the scope of the agency" ' " and the " ' "principal has the right to control the conduct of the agent with respect to matters entrusted to him." ' " (*Garlock Sealing Techs. LLC v. NAK Sealing Techs. Corp.* (2007) 148 Cal.App.4th 937, 964.) PAGA, however, does not impose "any express fiduciary obligations" on a plaintiff, neither to the LWDA nor to the other aggrieved employees on whose behalf the plaintiff has filed suit. (See *Williams v. Superior Court* (2017) 3 Cal.5th 531, 546 [no fiduciary obligation on PAGA plaintiff or plaintiff's counsel to other potentially aggrieved employes].)

Nor does PAGA give the LWDA control over litigation brought by a PAGA plaintiff. (See *Iskanian, supra*, 59 Cal.4th at p. 390 [PAGA "authoriz[es] financially interested private citizens to prosecute claims on the state's behalf without government supervision"].) PAGA gives the LWDA "notice of, and *discretion* to exercise control over, PAGA claims" (*California Business & Industrial Alliance v. Becerra* (2022) 80 Cal.App.5th 734, 745

(*California Business*), italics added), but contrary to Hobby Lobby's assertion, PAGA does not "require[e] the [LWDA] to oversee and control all PAGA" litigation.  PAGA requires a potential plaintiff to provide notice to the LWDA before filing suit, thus giving the LWDA the opportunity to investigate and potentially prosecute the alleged violations.  But if the LWDA in exercising its discretion declines to issue a citation against the employer or bring an action against the employer under Labor Code section 98.3 based on the facts and theories alleged in the notice, the prospective plaintiff is free to file a lawsuit, and PAGA provides no mechanism for the LWDA to prevent the employee from doing so.[6]  (See Lab. Code, § 2699, subd. (*l*), former subd. (h) [setting forth circumstances in which "[n]o action may be brought under this section by an aggrieved employee"].)

Once a complaint is filed, the plaintiff must provide the LWDA with a file-stamped copy of the complaint, a copy of any proposed settlement, and a copy of a judgment or order concerning penalties.  (Lab. Code, § 2699, subds. (s)(1) – (3).)  These provisions, which would be unnecessary if the LWDA were a party to the litigation, were added to PAGA in 2016 to "increase the

---

[6] Hobby Lobby cites *Iskanian* and *California Business* as cases holding that the executive branch has sufficient control over PAGA litigation to prevent PAGA from being an unconstitutional violation of the principle of separation of powers.  From this, Hobby Lobby argues that if the executive branch has enough control over PAGA litigation for PAGA to be constitutional, then the executive must have enough control to be liable for Hobby Lobby's litigation costs in this appeal.  The conclusion does not follow from the premise.  Provisions in a statute "giving the executive notice of or permitting it to exercise control over qui tam actions" will cure any separation of powers issue that arise from qui tam statutes.  (*California Business*, *supra*, 80 Cal.App.5th at p. 747.)  But it does not follow—and Hobby Lobby cites no authority suggesting—that such provisions mean that the executive branch is a party to litigation for the purpose of section 1032(b).

11

LWDA's involvement in PAGA litigation, including the settlement process" (*Turrieta*, *supra*, 16 Cal.5th at p. 696), but they do not make the LWDA a party nor do they give it control over the litigation or settlement. Although the LWDA may exercise its discretion to comment on a proposed settlement, it is not required to do so. (See Lab. Code, § 2699, subd. (s)(2) [requiring only that a "proposed settlement . . . be submitted to the agency at the same time that it is submitted to the court."]; see also *Turrieta*, *supra*, 16 Cal.5th at p. 707 [the LWDA "may offer comments to courts on proposed settlements and . . . courts have discretion to consider such comments"].[7])

Because we conclude that the LWDA was not a party to Rose's PAGA action, Code of Civil Procedure section 1028, which provides that when the State is a party costs are to be awarded against it on the same basis as against any other party, has no application here.

Hobby Lobby also argues that even if the LWDA was not a party to Rose's PAGA action, it is liable for costs as the real party in interest. This argument is unpersuasive because Hobby Lobby cites no case in which litigation costs were imposed against a real party in interest that did not participate in the litigation. (See *Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1181 [a real party in interest that " 'actively participates' " in litigation may be liable for attorney fees under Code Civ. Proc, § 1021.5].) More to the point, Hobby Lobby cites no qui tam case in which litigation costs were imposed against a government entity real party in interest where the entity did not participate in the litigation.

---

[7] The Supreme Court in *Turrieta* expressed no opinion as to whether the state "has a right to intervene, to move to vacate the judgment, and/or to require courts to receive and consider settlement objections." (*Turrieta*, *supra*, 16 Cal.5th at p. 707, fn. 24.)

In sum, we conclude that even if a prevailing defendant in a PAGA action is entitled to recover litigation costs under section 1032(b), those costs are not recoverable against the LWDA if, as here, the LWDA did not become a party to the litigation by intervening before judgment and did not participate in the litigation as real party in interest.

## DISPOSITION

The challenged order is reversed.  Appellant shall recover any costs incurred on appeal.

_____

Miller, J.


WE CONCUR:


_____

Richman, Acting P.J.


_____

Desautels, J.


A169640, *Rose v. Hobby Lobby Stores, Inc.*

14

Trial Court:  Superior Court of Alameda County

Trial Judge:  Hon. Evelio M. Grillo

Division of Labor Standards Enforcement, Alec Segarich for Intervener and Appellant

Vorys Sater Seymour & Pease, CDF Labor Law, Brent Matthew Giddens, Jeffrey Sikkema, Corey J. Cabral for Defendant and Respondent

A169640, *Rose v. Hobby Lobby Stores, Inc.*